THE STATE ex rel. FRISBY, Appellant, v. HILL et al.

Division One, November 14, 1899.

1. Appeals: SCHOOL DIRECTOR'S OFFICE. The Supreme Court has jurisdiction of the appeal in a suit involving the defendant's title to the office of school director.

2. Public Schools: FORMATION OF NEW DISTRICTS: OMITTED TERRITORY. In the formation of a new district by consolidating others, the omission of territory containing less than twenty children of school age, does not make the formation illegal if such territory had never legally been a part of any district brought into the new district.

State ex rel. v. Hill.

3. ————: VOTING TERRITORY OUT OF DISTRICT. Under section 7972, Revised Statutes 1889, and the 1895 amendment, a school district could not vote out a part of its territory at a special meeting, nor could it do so at an annual meeting unless the proposition had been proposed by petition and the required notice thereof given. Nor did such illegal action become legal by the attempt of the directors of another district to assume jurisdiction over the territory thus illegally "voted out" and by treating it as a part of their district and receiving the children therein into their school. The cast off territory remained a part of the district which illegally attempted to vote it out.

4. ————: EXTENDING BOUNDARY. School directors can not extend the jurisdiction of their district over territory unlawfully abandoned or "voted out" by another district.

5. ————: CONSOLIDATION OF DISTRICTS: OMITTING TERRITORY. Two new districts may be formed from three existing ones by taking all the territory of one and a part of the territory of another to make each of the new districts, even though the entire corporate entity of one of the old districts may thereby be destroyed. And the formation is legal even though the county commissioner in passing on the matter and decreeing the formation, omitted from both districts territory which had previously been illegally "voted out" of one of the districts. Said territory remains a part of the district of the same number to which it legally belonged prior to the consolidation.

*Transferred from Kansas City Court of Appeals.*

AFFIRMED.

A. F. WOODRUFF and A. S. CUMMING for appellant.

(1) A corporation may exist *de facto*, and its organization can not be attacked collaterally. Kayser v. Bemen, 16 Mo. 90; St. Louis v. Shields, 62 Mo. 252; Stamper v. Roberts, 90 Mo. 683. (2) No change is authorized that creates or leaves a district with less than twenty school children. R. S. 1889, sec. 7972; Acts 1895, p. 267. And the commissioner has no jurisdiction where the creation of the new district, or the change in the boundary lines of the old districts, would leave any district with less than twenty pupils. School

Dist. No. 1 v. School Dist. No. 2, 94 Mo. 612; State ex rel. v. Riley, 85 Mo. 156. (3) School districts are corporations of limited power. They have the powers expressly granted to them and such implied powers as are necessary to enable them to perform their duties and no more. The statutes giving them their power should be strictly construed. Buchanan v. Hannibal School Dist., 25 Mo. App. 85; 21 Am. and Eng. Ency. of Law, 800.

J. C. WILSON, SALLEE & CROSSMAN and C. H. S. GOODMAN for respondents.

(1) The forty-acre tract adverted to was never legally included within the boundaries of former district 6, and this being the case it yet remains a part of the district from which it was attempted to be detached. The boundaries of a district can only be changed at an annual meeting, while it appears from the record that such change was attempted to be made at special meetings held in the districts interested in the months of July and August, 1896. (2) One corporation can not give validity to the illegal act of another by exceeding its own authority. Johnson v. Dist., 67 Mo. 319. (3) One or all of the old districts may be annihilated.

VALLIANT, J.—This is a proceeding, *quo warranto*, by which the title of respondents to the office of directors of School District No. 6, Township 63, Range 29, in Harrison county, is challenged.

The facts of the case, about which there is no dispute, are as follows:

On April 6, 1897, and prior thereto, three of the school districts in the township above named, viz.: districts 5, 6 and 7, were composed of the twelve sections (with a small exception) which form the two southern tiers of sections of the township, that is, sections 25 to 36 inclusive. At the regular annual meetings held in those districts, on the date above

named, a proposition was duly submitted to the voters to form two new districts out of the territory embraced in the three. Upon the vote being taken, the result was that districts 5 and 6 voted against, and district 7 in favor of the proposition; whereupon the matter was referred to the county commissioners, as provided in section 7972, R. S. 1889, who decided in favor of the proposition, and formed the two proposed new districts, making two districts of six sections each, in the place of the former three districts of four sections each; one of the new districts being designated as No. 5 and the other as No. 6. The respondents in this suit were duly elected directors in the new district No. 6, qualified as such, entered into office and are discharging the duties thereof.

It is admitted upon the record in this case that respondents are entitled to the office they hold, if the two new districts in question were formed in accordance with the law, and it is admitted that they were formed according to law unless their organization was rendered invalid in consequence of one or both of the following facts, viz.:

First.   Adjoining the old district No. 6 on the south, was district No. 1 of township 62, range 29. At a special meeting held in that district in July, 1896, a vote was taken whereby the north half of lot number 2 of section 3 in that township, containing 40 acres, which was then a part of the district, was voted out of it, that is to say, it was so voted out if it was lawful for the meeting to vote it out; and at a special meeting of the directors of the old district No. 6, held in August following, that 40 acres was voted into No. 6, that is to say, the directors of No. 6 voted to do so, and thereafter the 40 acres was treated as a part of No. 6, and the children residing therein, being less than twenty in number, attended the No. 6 school.   In the formation of the two new school districts above mentioned, that 40-acre tract was ignored; it was not included in the proposition voted on at the annual meeting of April 6, 1897, nor taken into consideration by the

county commissioner, and forms no part of either of the two new districts.

Relator contends that thus leaving the children residing on that 40 acres unprovided for, violates that provision of section 7972, R. S. 1889, which forbids the formation of a new district containing less than twenty children, or a change of boundaries whereby a district is so reduced as to contain less than that number.

Second. Under this scheme of organization one of the old districts is blotted out; new district number 5 embraces all the territory of old No. 5 and the east half of old No. 6, and new district No. 6 embraces the west half of old No. 6 and all of old No. 7, which relator insists is unlawful, for two reasons, first because, as he contends, under the guise of forming new districts a district can not be blotted out, and its existence as a corporate entity terminated; second, he contends that a new district can not be formed by taking all of the territory of one and part of another.

Upon the trial in the circuit court there was a finding and judgment for the respondents, from which, after due course, the relator took an appeal to the Kansas City Court of Appeals, and after the record was lodged there, that court, upon looking into it, discovered that it involved the title to an office under this State, and thereupon made an order transferring the cause to this court, and it is now here for review on the relator's appeal.

I.   Although neither party has challenged the correctness of the judgment of the Kansas City Court of Appeals on the point of jurisdiction mentioned, yet we deem it proper to note the point and say in regard to it that the ruling of the Kansas City Court of Appeals was entirely correct.   Section 12, article VI, of the Constitution confers on this court jurisdiction "in cases involving . . . . . the title to any office under this State; . . . . in cases where  . . . . any State officer is a party."   Two classes of officers are here referred to, viz.,

all those who hold office under the State, and State officers. All State officers are embraced in the first class, but all embraced in the first class are not State officers. We have had occasion in former adjudications to construe these two forms of expression occurring in this clause of the Constitution, and have held that the terms "office under the State," as there used, meant an office whose authority is derived from the State, and in which some of the sovereign functions of the State government are exercised, whilst the term "State officer" meant one whose jurisdiction is coextensive with the State. In the one class of cases this court has jurisdiction only when the title to the office is involved, in the other it has jurisdiction when the officer is a party to the suit. Under this ruling we have held that a deputy constable, a deputy sheriff, a circuit clerk held office under the State; also that an election commissioner and a sheriff, though each held office under the State, was not a State officer. For a full discussion of this subject, see State v. Dierberger, 90 Mo. 369; State ex rel. v. Dillon, 90 Mo. 229; State ex rel. v. Spencer, 91 Mo. 206; State ex rel. v. Rombauer, 101 Mo. 499; State ex rel. v. Bus, 135 Mo. 325; State ex rel. v. Higgins, 144 Mo. 410. Under the construction placed on the provision of the constitution in the above cited cases we now hold that the office of director of the school districts is an "office under this State," and this court has jurisdiction of a case in which the title to such office is involved.

II. We now come to the consideration of the first objection urged by the relator to the validity of the organization of the new school districts, viz., that it leaves out of the organization a district, to wit, the 40-acre tract above mentioned, containing less than twenty children of school age, which the statute forbids. The validity of this objection depends upon the relation of that 40-acre tract to the old district No. 6; if it was lawfully a part of that district, the new organization, which left it out and unprovided for, was illegal, but if it was not a part of that district the new organization was not, on

that account, invalid. This 40-acre tract, it must be borne in mind, was originally a part of District No. 1, Township 62, Range 29, and the validity of the alleged voting of it out by that district and the voting of it in by district No. 6, is now the question. The authority to form new districts and make changes in those already existing is derived from section 7972, R. S. 1889, as amended by the Act of April 8, 1895. (Laws 1895, p. 267.) The authority there conferred on the voters of the districts is subject to certain restrictions. One of these is that no new district should be formed containing within its limits less than twenty children of school age, nor should the territory of a district already organized be so encroached upon as to leave it with a population of less than twenty children of school age.

The authority conferred by that section is limited to be exercised by the voters of the districts at annual meetings and upon petition and notice as therein specified.

It appears from the agreed statement of facts in this record that the meeting in district No. 1 at which the north half of lot 2, section 3, the 40-acre tract in question, was attempted to be voted out of the district, was a special meeting. For that reason the act was invalid. Even if it had been an annual meeting the proposition could not have been legally voted upon unless it had been proposed by petition and notice thereof given as the statute requires, which is not shown to have been the case. But the act itself which essays to cut off a tract containing a population of less than twenty school children is expressly forbidden by the statute. This illegal act of District No. 1 was in no sense relieved of its unlawful character by the action of the directors in District No. 6 in attempting to assume jurisdiction over the tract attempted to be cast off.

Two adjoining districts in the same township may take such joint action in the manner prescribed by section 7972 and its amendments, as will transfer to one a part of the terri-

tory of the other. But in the case at bar the attempted casting off by the one and taking in by the other was not a concurrent act and it does not even appear to have been concerted by them; the action of District No. 1 was taken in July, and that of the directors of No. 6 in August.

The action of School District No. 1 stands alone and must be judged by itself unaffected by the subsequent action of the directors of District No. 6. Section 7970, R. S. 1889, provides "that any territory not organized into a school district, and containing less than twenty pupils of school age, may be attached to an adjoining district upon petition by the qualified voters of such unorganized territory . . . . directed to the board of directors of such adjoining district," etc. That provision has reference to territory not embraced in an organized district; it does not authorize a board of directors of one district to extend their jurisdiction over a tract of land lawfully belonging to and unlawfully abandoned by another.

The point is advanced by the relator that a corporation may exist *de facto*, and its organization can not be collaterally attacked. But the proposition there contended for is not involved in this inquiry. The validity of the corporate organization of old district No. 6 is not in question; the record concedes its validity. The question of whether or not that district lawfully exercised jurisdiction over this 40-acre tract might be answered either yes or no without affecting the validity of the corporation itself. As the case stands on this record, it is one in which a valid corporation has attempted to assume ownership of, and has exercised acts of ownership over, territory to which it had no right; but that only renders the act of attempted appropriation invalid and does not affect the lawful organization of the old school district. Notwithstanding the attempt of district No. 1, township 62, range 29 to cast off the north half of lot 2 of section 3, and the attempt of old district No. 6 to absorb it, that 40-acre tract never

ceased to be a part of district No. 1, and still belongs to it. The organization of the two new districts mentioned in the petition was not rendered invalid because it left out that 40-acre tract.

III. Relator's second proposition is that the new organization was invalid because it merged the three districts into two, thereby blotting out one district entirely, and formed the two new districts by giving to each all the territory of one and part that of another of the old districts.

The language of the statute, section 7972, authorizes the formation of "a new district, composed of two or more entire districts, or of parts of two or more districts, or to divide one district to form two . . . . or to change the boundary lines of two or more districts." The contention is that new district No. 6 being composed of all the territory of one and part of another, does not conform to the literal requirement of the statute. The relator relies on the decision in School District No. 1 v. School District No. 4, 94 Mo. 613, to sustain the position that under the terms of the statute authorizing a change of boundary lines between districts, a district can not be entirely destroyed. That decision was rendered in 1887, and was founded on section 7023, R. S. 1879, which authorized the formation of a new district composed only of parts of existing districts, but the statute was amended in that respect in 1889, expressly authorizing two or more entire districts to be absorbed in the formation of a new district; hence the force of what was there rightly decided in reference to the blotting out of a district does not apply to the statute as it has been amended.

It is true the statute does not in express terms say that a new district may be formed by taking all the territory of one and part of another, but it does say that in the new organization all of two or more districts may be absorbed, or parts of two or more may be taken, and that the boundary lines of two or more districts may be changed. It was evidently the inten-

tion of the Legislature to obviate the difficulty that was pointed out in the decision above referred to, and to allow the voters of the district to adjust their boundaries as the exigencies of the neighborhoods required, subject to the restrictions in the statute contained. The practical operation of the new organization now complained of was, that old district No. 5 extended its boundary to the center of old district No. 6, and old No. 7 extended its boundary from the opposite direction also to the center of old No. 6, which latter was thus entirely absorbed; then the two new districts were numbered respectively 5 and 6. Even sticking to the letter of the statute, it was competent for old districts 5 and 6 to so change their boundary between them as that 5 should take part of the territory of 6, and a like result could be reached between 7 and 6; and since under the amendment of 1889 the objection that an organized district is wiped off the map, no longer prevails, the organization in question can not on that ground be condemned.

The regularity of the proceeding in all respects, except as above noted, being conceded, the circuit court took the correct view of the case and its judgment is affirmed.

BRACE, P. J., and ROBINSON and MARSHALL, JJ., concur.