STATE ex rel. SCHOOL DISTRICT NO. 45, Appellant, v. W. B. CLOUD, County Clerk, Respondent.

Springfield Court of Appeals, November 13, 1915.

1. SCHOOLS AND SCHOOL DISTRICTS: Consolidated Schools and Rural High Schools: Notice: Requirements of Statute. Sec. 3, p. 722, Laws 1913, requires the school superintendent to post certain notices when a consolidation of school districts is contemplated also certain plats of the proposed consolidated district. It is not necessary that the superintendent shall personally post such notices and plats. It is sufficient if they are posted by another acting at the instance and under the direction of the superintendent.

2. ———: ———: Requirements of Statute. Where a consolidation of certain school districts is proposed, under Laws 1913, sec. 3, p. 722, the county superintendent shall file with the county clerk a copy of the petition and of the plat of the proposed district. This requirement is directory and not mandatory and though such copies were not filed before the election to determine whether such district should be formed, such election was not thereby rendered invalid.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*V. O. Coltrane* and *Neville & Gorman* for appellant.

*J. R. Roberts* and *John Schmook* for respondent.

ROBERTSON, P. J.—Quoting from the abstract of record: "The plaintiff's petition is for a writ of mandamus against the defendant, requiring him to ascertain and extend the taxes on the tax books against the property in the limits of District No. 45 as theretofore organized.

"The answer sets up in proper form that School District No. 45 together with three other districts (in Greene county), have been duly formed into a consol-

idated High School District under the law of 1913, as
provided for in the Act relating to schools on pages
721, 722, 723, 724 and 725, of the Session Acts of 1913.''

The respondent prevailed below and relator has
appealed.

That part of section 3 of the act involved (Laws
1913, page 722) is as follows, except we have added the
italics to designate the portions giving rise to the con-
troversy here:

''When the resident citizens of any community de-
sire to form a consolidated district, a petition signed
by at least twenty-five qualified voters of said commun-
ity shall be filed with the county superintendent
of public schools on receipt of said petition, it shall be
the duty of the county superintendent to visit said
community and investigate the needs of the com-
munity and determine the exact boundaries of the
proposed consolidated district. In determining these
boundaries, he shall so locate the boundary lines as
will, in his judgment, form the best possible consoli-
dated district, having due regard also to the welfare
of adjoining districts. The county superintendent of
schools shall call a special meeting of all the qualified
voters of the proposed consolidated district for consid-
ering the question of consolidation. *He shall make this
call by posting within the proposed district ten notices
in public places,* stating the place, time and purpose of
such meeting. At least fifteen days' notice shall be
given and the meeting shall commence at two o'clock,
p. m. on the date set. The *county superintendent shall
also post within said proposed district five plats* of the
proposed consolidated district at least fifteen days
prior to the date of the special meeting. These plats
and notices shall be posted within thirty days after
the filing of the petition. *The county superintendent
shall file a copy of the petition and of the plat with
the county clerk and shall send or take one plat to the
special meeting.* The special meeting shall be called

to order by the county superintendent of schools or some one deputized by him to call said meeting to order. The meeting shall then elect a chairman and a secretary and proceed in accordance with section 10865, Revised Statutes 1909.''

The contention by appellant here is that the election favoring the consolidation of the districts should be declared void because it is said the county school superintendent posted not to exceed three of the notices and two of the plats required by said Act, but the remainder of the notices and plats called for ''were posted by others, qualified voters of said proposed consolidated district and in public places therein, at the instance and by the request of said superintendent,'' and because the copy of the petition and of the plat were not filed with the county clerk before the election.

The notices which were posted by others than the county school superintendent, being posted at his instance and at his request in public places in the proposed consolidated district, were so far as the record discloses as effective as if they had been posted personally by the county school superintendent. The law in question does not require of the superintendent the manual act of posting the notices. It is sufficient if such notices are actually posted in public places by another person acting at the instance and under the direction of the superintendent. If the notices have been posted but it is not disclosed that the law has been strictly carried out, as is contended by appellant, yet, in the absence of any showing that any harm has resulted therefrom, the election cannot be held to be void by reason thereof. The following statement of the law applicable to procedure in election cases has been approved by the Supreme Court in Sanders v. Lacks, 142 Mo. 255, 263, 264, 43 S. W. 653: ''If the statute expressly declares any particular act to be essential to the validity of the election, or that its omission shall render the election void, all courts whose duty it is to enforce such statute must so hold,

whether the particular act in question goes to the merits, or affects the result of the election, or not. Such a statute is imperative, and all considerations touching its policy or impolicy must be addressed to the Legislature. But if, as in most cases, the statute simply provides that certain acts or things shall be done within a particular time or in a particular manner, and does not declare that their performance is essential to the validity of the election, then they will be regarded as mandatory, if they do, and directory, if they do not, affect the actual merits of the election." [See, also, State v. Swearingen, 128 Mo. App. 605, 613.]

In the order in which the procedure is set out in the law it seems to be implied that the filing of the copy of the petition and the plat with the county clerk precedes the election. What useful·purpose this petition and plat would serve in the office of the county clerk prior to the election is difficult to ascertain. All who see the posted notices also have an opportunity to examine the plat posted therewith. The original petition is filed with the county superintendent and is, therefore, accessible to the voters of the proposed consolidated district. No reason has been suggested for the filing of a copy of the petition and the plat with the county clerk prior to the election, yet as there may be conditions under which it might serve some useful purpose there before the election, we shall go no further than to apply the rule above announced that when there is an absence of proof, under such circumstances as here, that harm has resulted by reason of the alleged irregularity, the election must be upheld upon the principle announced in the above quotation approved by the Supreme Court. The principal object, we conceive, in requiring the copy of the plat to be filed in the office of the county clerk is for the purpose of taxation, if the proposition to consolidate is carried, but we commend the precautionary practice of filing both a copy of the petition and of the plat in the office of the county clerk

before the election. This involves but little more labor and it may be that a copy of the petition in the office of the county clerk will be more available to those desiring to examine it than one in the office of the county superintendent of schools.

Since no mandatory statute has been violated and there is no evidence that the will of the voters in the proposed consolidated district was not freely and fully expressed, the judgment of the circuit court should be affirmed. It is so ordered.

*Farrington* and *Sturgis, JJ.,* concur.