## THE STATE ex inf. JOHN T. BARKER, Attorney-General, v. EDWARD C. SMITH et al., Appellants.

### Division One, June 1, 1917.

1. **CONSOLIDATED SCHOOL DISTRICT: Sufficient Notices and Plats.** The notices and plats of the proposed consolidated school district required by the statute to be posted are designed to furnish a means by which the voters of the community can inform themselves of what lands and taxpayers will be included in the district if formed, who will be entitled to vote upon the proposition, the accessibility of the school to patrons and pupils, and the time and place of holding the election; and unless such information can be derived from the notices and plats they are insufficient, and the election would be void.

2. ———: ———: **As Shown by Percentage of Voters.** The fact that almost all the qualified voters of the proposed consolidated school district were present at the time and place designated in the notices and voted on the proposition, and that no complaint that any one was misled by the notices or plats is made, is some evidence that they were sufficient.

3. ———: ———: **Heavy Black Lines.** Heavy black lines drawn upon the face of a complete map of the numbered townships, with arrows on the margins pointing to the boundaries, should be held to indicate and constitute the outline or boundaries of the

proposed consolidated district upon a plat captioned "Plat of Proposed Consolidated District No. 2 of Platte County," although it contains no words stating that the boundaries are indicated by the heavy black line. They are at least a substantial compliance with the statute, which is all that is required.

4. ———: **Existing Districts Abolished.** By the formation and organization of a consolidated school district all existing common school districts whose territory is embraced within its boundaries are abolished, and their directors cannot thereafter exercise the functions of their offices.

5. ———: **Forfeiture: Failure to Provide for Eight Months' School.** The corporate existence of a consolidated school district can be questioned only by the State in a direct proceeding instituted for that purpose; and it cannot be held in a *quo warranto* instituted by the Attorney-General to oust school directors of a common school district whose territory has been included in the consolidated district, that the legal existence of the consolidated district has been forfeited for its failure to provide for an eight months' school.

Appeal from Platte Circuit Court.—*Hon. A. D. Burnes, Judge.*

AFFIRMED.

*James H. Hull* and *George W. Day* for appellants.

(1) Defendants did not assert the right to the same office; each claimed his right by a separate election and qualification to a separate and distinct office of one board of directors. Therefore the right to challenge their authority to act did not come within the provisions of Sec. 2633, Revised Statutes 1907, and the defendants were right in raising this question in their separate answers. State ex rel. v. Vallins, 140 Mo. 535. (2) The proceedings for the organization of the consolidated district failed to sufficiently indicate whether the entire territory shown on the plat, or only that portion within the heavier and crooked lines thereon, was intended to embrace said district. Therefore no consolidated district was lawfully formed. Laws 1913, p. 722, sec. 3; School District v. District, 94 Mo. 618. (3) If Consolidated District Number Two ever had legal existence, it was forfeited by its

failure to provide for an eight months' school for the period of one year. R. S. 1909, sec. 10776; State ex rel. v. Claxton, 263 Mo. 701.

*Frank W. McAllister,* Attorney-General, for respondent; *Guy B. Park, N. B. Anderson* and *J. G. L. Harvey* of counsel.

(1) It was proper to join the three directors as defendants in one office. Such has been the practice. Sec. 1732, R. S. 1909; State ex rel. v. Stone, 152 Mo. 202; State ex rel. v. McClain, 187 Mo. 409; State ex rel. v. Claxton, 263 Mo. 701; State ex rel. v. Wetherby, 45 Mo. 17; State ex rel. v. McReynolds, 61 Mo. 203; State ex rel. v. Small, 131 Mo. App. 478. Sec. 2633, R. S. 1909, has no application to this case, such section relating only to the statutory *quo warranto* whereas this is a common-law proceeding. State ex rel. v. Beecher, 160 Mo. 78. (2) The plat posted by the superintendent of schools complied with the statute. In any event substantial compliance only is required, and a liberal rule is applied in determining whether there has been substantial compliance. State ex inf. v. Jones, 266 Mo. 201; State ex rel. v. Job, 205 Mo. 34; State v. Morgan, 187 S. W. 57; State ex rel. v. Cloud, 192 Mo. App. 322. As to what constitutes a compliance with the clause requiring plat to be posted is determined in State ex rel. v. Glaves, 186 S. W. 687. (3) If the districts were regularly consolidated, such consolidation automatically destroyed the corporate existence of the component districts. Section 6 of the Buford Act so provides, and the entire act contemplates such destruction of the old districts. (4) The corporate existence of the consolidated school district can only be raised by the State in a direct proceeding instituted for that purpose. Black v. Early, 208 Mo. 307; State v. Woods, 233 Mo. 380; Bank v. Rockefeller, 195 Mo. 51; State ex rel. v. Birch, 186 Mo. 219.

WOODSON, J.—This is a proceeding by *quo warranto,* instituted in the circuit court of Platte County by the Attorney-General, against the defendants, to oust

them from the office of school directors of School District No. 26 of that county. The trial resulted in a judgment of ouster, and after taking proper preliminary steps, the defendants appealed the cause to this court.

While there were several questions presented to the trial court, there are but two pressed upon this court for determination. This very much simplifies the facts, and renders it unnecessary to burden the opinion with the pleading or preliminary steps taken to bring the case to issue; also eliminates all facts not bearing directly upon the questions here presented. The undisputed facts are as follows:

On February 24, 1914, there was presented to the school superintendent of said county, a petition signed by sixty resident citizens of School Districts Nos. 20, 21, 25, 26, 32, 33 and 34. On receipt of said petition the superintendent of schools visited and investigated the needs of the community from which the petition came, and determined the boundaries of the proposed consolidated district. Thereupon a special meeting of the qualified voters of the proposed consolidated district was called for the purpose of considering the question of consolidation, the date of the election being fixed for March 19th, notice of which election was duly given by posting within the proposed district ten notices in public places, stating the place, time and purpose of the meeting; the notice was given fifteen days prior to the election; the superintendent also caused to be posted within the proposed district five plats thereof; the superintendent filed a copy of the petition and of the plat with the county clerk, and took one to the polls; the meeting was called to order by the superintendent, and C. V. Hull was elected chairman, and W. P. Woodson secretary; tellers were appointed and the result of the election was 123 for consolidation, and 104 against; whereupon a board of directors for the consolidated district was elected; the proceedings of this meeting were certified by the chairman and secretary to the county clerk, and also to the superintendent of schools— all in accordance with the statutory requirements.

So far as the regularity of the proceedings to con-solidate the several school districts is concerned the only attack made thereon by the defendants is that the plats posted by the superintendent of schools ("Exh. C," and "Exh. G,") hereto attached and made a part of this state-ment, do not comply with the statutory requirement.

These plats are supposed to be the same, with slight variations; the object of the introduction of both is not clearly shown.

The proposed consolidated district occupied portions of townships 53 and 54, portions of which were located in ranges 34 and 35. An examination of the exhibits re-ferred to discloses that the superintendent made a com-plete map of townships 53 and 54; (that by clerical error he designated Township 53 as Township 54, but there is no point made on such error); that he then drew the heavy dark lines appearing on the plats indicating the bounda-ries of the proposed consolidated district within the two townships, except where creeks which are shown on the plat constituted the boundaries, and on the margin of the plat a pointer was placed directed towards the lands em-braced within the boundaries as above detailed.

The evidence showed that the school directors of District No. 26 and their duly elected successors had con-tinued to exercise the functions of office subsequent to the election and up to the time of the institution of this ac-tion, and were "lawfully in the offices they claimed, un-less those offices were abolished by virtue of the con-solidation of the district." On the part of relator it was shown that the directors of the consolidated school dis-trict employed a teacher, but the salary had not been paid because the county treasurer would not honor the warrants of the consolidated school district.

It also showed that no consolidated school had in fact been conducted in the territory alleged to have been or-ganized as said Consolidated School District Number 2, from the time of its organization to the time of the trial in the circuit court. Said exhibits are as follows:

State ex inf. v. Smith.

Ref. Ex. "C" 1/29/16

Plat of Proposed Consolidated District No. 2

of Platt County

Range No 35     Range No. 34

Rel. Ex. "G"

Plat of Proposed Consolidated District No. 2

of Platte County

Range No. 35          Range No. 34

| 6 | 5 | 4 | 3 | 2 | 1 | 6 | 5 | 4 | 3 | 2 | 1 |
| 7 | 8 | 9 | 10 | 11 | 12 | 7 | 8 | 9 | 10 | 11 | 12 |
| 18 | 17 | 16 | 15 | 14 | 13 | 18 | 17 | 16 | 15 | 14 | 13 |
| 19 | 20 | 21 | 22 | 23 | 24 | 19 | 20 | 21 | 22 | 23 | 24 |
| 30 | 29 | 28 | 27 | 26 | 25 | 30 | 29 | 28 | 27 | 26 | 25 |
| 31 | 32 | 33 | 34 | 35 | 36 | 31 | 32 | 33 | 34 | 35 | 36 |
| 6 | 5 | 4 | 3 | 2 | 1 | 6 | 5 | 4 | 3 | 2 | 1 |
| 7 | 8 | 9 | 10 | 11 | 12 | 7 | 8 | 9 | 10 | 11 | 12 |
| 18 | 17 | 16 | 15 | 14 | 13 | 18 | 17 | 16 | 15 | 14 | 13 |
| 19 | 20 | 21 | 22 | 23 | 24 | 19 | 20 | 21 | 22 | 23 | 24 |
| 30 | 29 | 28 | 27 | 26 | 25 | 30 | 29 | 28 | 27 | 26 | 25 |
| 31 | 32 | 33 | 34 | 35 | 36 | 31 | 32 | 33 | 34 | 35 | 36 |

Scale: 1 inch = 1 mile

I.   The first legal proposition presented to this court for determination is stated by counsel for appellants in the following language:

"The. proceedings for the organization of the consolidated district failed to sufficiently indicate whether the entire territory shown on the plat, or only that portion within the heavier and crooked lines thereon, was intended to embrace said district. Therefore no consolidated district was lawfully formed."

<span style="float:left">Notices and Plats.</span>

In support of this proposition we are cited to Section 3, page 722, Laws 1913, and School District No. 1 v. School District No. 4, 94 Mo. 612, 1. c. 618.

Said section in so far as is here material, relates to the calling of a special election to vote on the proposed consolidation and the plat to be posted therein, and reads as follows:   "He [the superintendent of schools] shall make this call by posting within the proposed districts ten notices in public places, stating the place, time and purpose of such meeting.   .   .   .   The county superintendent shall also post within said proposed district five plats of the proposed consolidated district at least fifteen days prior to the date of the special meeting."

The purpose of the call, as stated in the statute, is to notify the voters of the proposed district of the time, place and purpose of the election to be held.   This is to call to their minds the proposition whether or not the proposed consolidated district shall be formed; and the object of posting the plat is to inform the voters of the proposed district the boundaries thereof.   From that they may be informed as to the territory, the taxpayers, and the patrons to be embraced therein.   Such knowledge has a material bearing upon the minds of the voters and the election to be held in the following particulars :

(1)   What property will be included in the proposed district?   (2)   Do the people thereof want such a school? (3)   Will the taxes to be levied upon the property therein be sufficient to support the school?   And (4) the convenience of the school to the patrons thereof.

No one could or would vote at the' election if not included in the proposed district, nor would anyone vote for the consolidation who was not in favor of the school or who believed the taxes would be insufficient to support the same, or that the school would be too inconvenient for their children; therefore, unless the notice is given, as required by statute, which will cause the voters to investigate the matter, the election would be void. [School District No. 1 v. School District No. 4, supra.]

And for similar, if not for stronger reasons, the election would be void if the plats mentioned were not properly made and posted, as required by the statute.

This brings us to the discussion of the question as to whether or not the plat as posted was a sufficient compliance with the statute.

In answering this question it should be borne in mind, as previously indicated, that the object of the statute requiring the plats to be made and posted, is to give the voters an opportunity to investigate the wisdom of the proposed organization of the district. And as a further preliminary observation, I might add that no complaint is lodged here, or was made in the court below, that the voters were in fact misled or deceived by the plats or otherwise, as to the propositions they were voting upon; but upon the contrary, the record shows that one hundred and twenty-three voted for the consolidation and one hundred and four voted against it, making a total of two hundred and twenty-seven votes cast at the election, which, according to uncontradicted statements made in open court in the argument of the cause, was practically the entire vote of the consolidated district.

Now, as to the plat itself: The record discloses that the proposed consolidated district occupies parts of townships 53 and 54, portions of which are located in ranges 34 and 35; that the superintendent in preparing the plat made a complete map of said Townships 53 and 54, according to the Congressional survey; that he then drew along and over the face of the same, heavy, dark lines, as shown by said exhibits, indicating thereon the boundaries of the proposed consolidated district, except where creeks

State ex inf. v. Smith.

constituting portions of the boundary are shown on the plat by meandering lines; and on the margin of the plat an arrow points toward the lands embraced within the boundaries as above detailed and indicated upon the original plat, omitted from the exhibit.

Under the facts and circumstances disclosed by this record, clearly the dark, heavy and meandering lines mentioned, appearing upon the plat introduced in evidence indicate and constitute the boundary lines of the proposed consolidated school district mentioned in the pleadings and evidence.

Counsel for appellants have not indicated what other purpose those lines could perform; nor is it claimed that the voters of the district did not understand that they consituted the boundaries of the district, but upon the contrary, this record conclusively shows that they did so understand them, and voted accordingly.

If this plat is not a literal compliance with the statute, it cannot be successfully contended that it is not a substantial compliance therewith; and that is all the law requires. [State ex inf. v. Jones, 266 Mo. l. c. 201; State ex rel. v. Job, 205 Mo. l. c. 34; State ex inf. v. Morgan, 268 Mo. 265; State ex rel. v. Cloud, 192 Mo. App. 322; State ex rel. v. Glaves, 268 Mo. 100.]

The evidence showed that the school directors of School District No. 26, and their duly elected successors, had continued to exercise the functions of their office ever since the election held on March 19, 1914, to consolidate said school district; but under the view of the law, as expressed, said School District No. 26 was abolished by virtue of said consolidation; that is the express provision of Section 6, page 723, Laws 1913.

Upon that state of facts we must and do hold that the appellants are unlawfully holding the office of school directors of said School District No. 26, there being no such district when this suit was instituted, and they are therefore illegally performing the functions thereof.

II. The second ground assigned for a reversal of the judgment of the circuit court is stated by counsel for appellants as follows:

271 Mo.—12

"If Consolidated District Number Two ever had legal existence, it was forfeited by its failure to provide for an eight months' school for the period of one year. [R. S. 1909, sec. 10776.]" In answer to that assignment it is sufficient to state that the law is well settled in this State, that the corporate existence of the consolidated district can only be questioned by the State in a direct proceeding instituted for that purpose. [Black v. Early; 208 Mo. 1. c. 307; State ex inf. v. Woods, 233 Mo. 380; Bank v. Rockefeller, 195 Mo. 1. c. 51; State ex rel. v. Birch, 186 Mo. 1. c. 219.]

*Failure to Provide for Eight Months' School.*

For the reasons stated, the judgment of the circuit court is affirmed. All concur.