THE STATE ex inf. FRANK W. McALLISTER, Attorney-General, v. CONSOLIDATED SCHOOL DISTRICT NO. 2 OF PLATTE COUNTY, Appellants.

In Banc, July 19, 1918.

1. **CONSOLIDATED SCHOOL DISTRICT**: Valid Statute. Section 10776, Revised Statutes 1909, is a valid enactment and applicable to "school districts that may be hereafter organized under the laws of this State," and is therefore applicable to a consolidated school district organized in pursuance to a subsequent statute.

2. ———: Forfeiture of Franchise: Failure to Maintain Eight Months' School. Section 10776, Revised Statutes 1909, declaring that "whenever any school district . . . shall fail or refuse, for a period of one year, to provide for an eight months' school in such year, provided a levy of forty cents on the one hundred dollars' valuation, together with the public funds and cash on hand, will enable them to have so long a term, the same shall be deemed to have lapsed as a corporate body," was only intended to affix a forfeiture for failure to provide an eight months' school when such omission did not result from inability to have so long a term, or where the failure was purposeful or intentional on the part of the school district. It has no application to a consolidated school district to which, during the pendency of litigation in which the validity of its organization is drawn in question, the county officers refuse to credit or pay the school taxes, and which because of those facts is unable to conduct a school, but nevertheless in entire good faith endeavors, as far as possible, to exercise its corporate franchise.

3. ———: ———: Failure to Maintain Elementary Schools. The terms of Section 4 of the Act of 1913 (Laws 1913, p. 723), mak-

ing it the duty of a consolidated school district to maintain an elementary school within a named distance of pupils, in case no transportation is provided for, do not condition an automatic fortfeiture of the district's corporate franchise upon its non-observance, and the courts will not make a failure to observe its requirements a ground of forfeiture.    [Criticizing State ex rel. v. School District. 195 Mo. App. 507.]

Appeal from Platte Circuit Court.—*Hon. Alonzo D. Burnes*, Judge.

REVERSED AND REMANDED (*with directions*).

*N. B. Anderson, Guy B. Park,* and *Irwin & Haley* for appellant.

(1) The law abhors forfeitures, and never declares one except upon the ground of absolute necessity.  McFarland v. Accident Assn., 124 Mo. 204; Stout v. Mo. Fidelity & Casualty Co., 179 S. W. 993.   (2) The provisions of Sec. 10776, R. S. 1909, which relators here seek to revoke, were never intended to apply, except in a case of a wilful refusal of the district to maintain an eight months' school, providing the same could be done by a levy of forty cents on the one hundred dollar valuation, together with the public funds and cash on hand, and the statute should be. given a construction with the law relating to forfeitures.   (3) Relators will not be heard to complain of the default of the officers of the consolidated district caused by their own intentional and unlawful interference.

*Frank W. McAllister,* Attorney-General, *James H. Hull* and *George W. Day* of counsel.

(1) The consolidated district organization lapsed when it failed to establish and maintain a high school, as provided by Laws 1913, 721.  State ex inf. v. Consolidated School District, 195 Mo. App. 507.   (2) Consolidated District No. 2 forfeited its rights and privileges as a school district, by failing, for the period of one year, to provide an eight months' school in such year, when a levy of forty cents on the one hundred dollars'

valuation, together with the public funds and cash on hands, enabled it to have so long a term. R. S. 1909, sec. 10776; State ex rel. v. Claxton, 263 Mo. 701. (3) Consolidated District No. 2 lost its corporate rights as a school district, by failing to conduct a school of any kind in all of the original school districts comprising it, and in failing to maintain an elementary school within two and one-half miles by the nearest traveled road of the home of every child of school age within said district, there being no transportation provided therein. Laws 1913, p. 723, sec. 4; State ex inf. v. Consolidated School District, 195 Mo. App. 507.

BOND, C. J.— I. In the spring of 1914, Consolidated School District No. 2 of Platte County, Missouri, was duly organized over a territory theretofore embracing several school districts. These, with a few exceptions, denied the validity of the consolidation and attempted to act independently. Thereupon the Attorney-General filed proceedings in the nature of a *quo warranto* to oust the directors of one of the former school districts. The judgment of ouster was rendered in the trial court and affirmed on appeal in this court, where all the facts relating to the organization of the consolidated district and the attacks made upon its validity are fully stated. [State ex inf. v. Smith, 271 Mo. 168.] Following that decision of this court, the present information in the nature of a *quo warranto* was brought by the Attorney-General, seeking a forfeiture of the franchise of the Consolidated School District, upon the allegation that this had happened because of its failure "to provide for an eight months' school" as required by Section 10776, Revised Statutes 1909. The present information also charged a failure to comply with the statute governing the formation of the consolidated school districts, and prescribing their duties.

The answer sets up the refusal of the former school districts to recognize the lawfulness of the consolidation, and failure of the county clerk to extend the taxes for its benefit until the decision of this court

affirming the validity of its corporation. [State ex inf. v. Smith, 271 Mo. 168, supra.] The answer further averred that respondent did maintain a high school and others required by law, as far as possible, and that the section of the statute (Sec. 10776) was unconstitutional.

Upon a trial, the evidence tended to show that in the year 1915, and subsequently, until the ruling of this court in 271 Mo. 168, supra, the county c.er. uniformly extended the taxes for the benefit of the original school districts; that they never turned over the school property to the consolidated district; that the consolidated district did maintain a high school in one of the old districts, Camden Point, where it seems a district school was also maintained; that in 1915 the consolidated board employed an attorney to recover the school funds properly belonging to it, who made demand therefor to the county treasurer, which was refused. Shortly after the present proceeding, the consolidated district sought to enforce that demand by a mandamus suit; that up to the trial, owing to the obstructive tactics of the directors of the old school districts, and the inability of the consolidated district to recover the funds and property belonging to it, the teachers, employed by the board of the consolidated district, were also employed by the officers of the old district and were paid out of the moneys received of the latter. The evidence further discloses that after the county clerk signified his willingness, following the decision of this court supra, to extend the taxes for the benefit of the consolidated district, the present action was brought on the grounds stated above.

The trial court, upon a consideration of the testimony, adjudged the corporate existence of respondent to have been forfeited, and that its powers under its organization had lapsed. From that decision, this appeal was duly taken.

II. There is no merit in the suggestion of the respondent's answer that the Section 10776, upon which

this decision is chiefly rested, is unconstitutional, nor is any argument for that contention made in its brief.. That section is a valid enactment and applicable according to its term "to school districts . . . that may be hereafter organized under the laws of this State," and, therefore, *ex necessitate,* applicable to a consolidated school district organized in pursuance of a subsequent statute. [Laws of 1913, pp. 721-2 et seq.)

*Valid Statute.*

The pith of this case is, whether, under the facts of the present record, the statute (R. S. 1909, sec. 10776) is invocable. Our conclusion is that neither the evidence adduced on the trial, nor the terms and intent of the statute, entitled the relator to set it up as a ground of forfeiture of the corporate rights of the respondent.

*Forfeiture.*

It will be observed, that the pertinent part of the section under review, is couched in the following terms:

"Sec. 10776. *Forfeiture of organization,* etc.— Whenever any school district in this State, now organized or that may be hereafter organized under the laws of this State, shall fail or refuse, for the period of one year, to provide for an eight months' school in such year, provided a levy of forty cents on the one hundred dollars' valuation, together with the public funds and cash on hand, will enable them to have so long a term, the same shall be deemed to have lapsed as a corporate body, and the territory theretofore embraced within such lapsed district shall be deemed and taken as unorganized territory."

It will be seen at a glance, that the above provision for forfeiture is wholly inapplicable unless it shall be shown by the evidence that the funds in the hands of the school district, together with the levy of forty cents on the one hundred dollars' valuation, are sufficient for the maintainence of an eight months' school in one year. There is no substantial evidence in the present record to that effect, for until the final decision of this court validating the organization of respondent, it did not receive the public funds and cash on hand belong-

ing to the former school district to which it was entitled. [Laws 1913, p. 723, sec. 6.]   Indeed, the mandamus suit, brought for that purpose by respondent, is still pending. This fact, in connection with the evidence showing an appropriation of such funds, and also intervening revenues from taxation belonging to respondent, by the officers and directors of the old school districts, thereby preventing respondent from the direct handling of such funds for the payment of teachers employed by it and compelling it, in order to maintain schools, in many instances, to employ the teachers selected by the old districts and to acquiesce·in the payment of their salaries by the directors of the former school districts, are sufficient to exclude respondent from the purview of the statute in question, which shows on its face and by its terms, that it was only intended to affix a forfeiture for failure to provide an eight months' school in one year, when such omission did not result from *inability* ''to have so long a term,'' or where the failure was purposeful or intentional on the part of the school district.

A thorough review of the testimony in this case, satisfies us of the entire good faith of respondent in the exercise, as far as possible, of all its corporate franchises.   It did maintain a high school in one of the districts, and seems to have maintained also, as far as possible, schools in the other localities where they had been theretofore maintained, through the medium of a payment of the salaries of teachers out of the revenues that were improperly in the hands of the directors of the former school dis-- tricts.   In these circumstances, the statute relied upon by relator is wholly inapplicable, for giving that statute its full scope and effect, as was done in the case of State ex rel. v. Claxton, 263 Mo. 701, it does not appear in the present case, as it did appear in that case, that the forty-cent levy and the public funds and cash on hand, provided a fund sufficient to maintain a school for eight months in one year.   In that case, the sufficiency of the revenues of the school district was shown by an express agreement.   In the present case, the record

**Good Faith.**

does not show that the "public funds and cash on hands" belonging to the former school district has ever been turned over to respondent, nor its ability, without such funds, to have independently paid all of the teachers employed by it. Under the authority of that case and the facts of the present one, therefore, the statute invoked by relator has no application whatever to the present record.

Some reliance seems to have been placed by the learned trial judge, in his judgment forfeiting the franchise of respondent, upon the evidence tending to show the failure of duty on the part of respondent in the matter of maintaining an elementary school within the statutory distance of its pupils (Transportation not being provided for). [Laws 1913, p. 723, sec. 4.] It is needless to say, that the terms of the section referred to do not condition an automatic forfeiture upon its non-observance, and the courts are not willing to interpolate such a result in the terms of the statute.

Elementary Schools.

In the case of State ex rel. v. School District No. 5, 195 Mo. App. 507, the judgment annulling the organization of the consolidated school district for failure to maintain schools, construed by that court to be within the purview of the act providing for the creation of such consolidated school district, was *sub silento* affirmed without particular discussion as to whether the duty of the consolidated school district might not have been properly enforced by mandamus and without connoting the fact that the statute then under review did not affix forfeiture *eo nomine* to a mere omission to perform that duty, absent any intent to disobey the statute, or when compliance with its terms was wrongfully prevented. It is not necessary to say more as to the correctness of the views expressed in that opinion.

For the reasons heretofore given, the judgment in this case is reversed and the cause remanded with directions to the trial court to dismiss this proceeding. *Blair, Walker, Woodson, Williams,* and *Graves, JJ.,* concur.