STATE OF MISSOURI ex inf. J. E. TAYLOR, Attorney General of the State of Missouri, ex rel. BEN BORGELT ET AL., Appellants, v. THE PRETENDED CONSOLIDATED SCHOOL DISTRICT No. 3 of ST. CHARLES, MISSOURI, and DR. H. C. McMURRAY ET AL., Respondents, No. 42212—240 S. W. (2d) 946.

Division Two, June 11, 1951.

Motion for Rehearing or to Transfer to Banc Overruled, July 9, 1951.

*Don C. Carter* for appellant.

*Wm. Waye, Jr., W. R. Gilbert* and *John R. Stockham* for respondent; *Anderson, Gilbert, Wolfert, Allen & Bierman* of counsel.

BOHLING, C.—This is an appeal from a judgment of the Circuit Court of St. Charles county in favor of respondents in a quo warranto proceeding instituted by the Attorney General at the relation of interested resident tax payers against Consolidated School District No. 3 of St. Charles county, Missouri, and the members of its board of directors to test the organization of said consolidated school district and to oust the individual respondents as directors of said consolidated school district. The trial court found for the respondents and dismissed the proceedings. The relators appealed. We have jurisdiction. State ex inf. Taylor v. Whitford (Mo.), 233 S. W. 2d 694 [1].

Relators contend the organization of the consolidated school district was illegal and void because in its formation the territory of the

Meridian Common School District (District No. 47) and the territory of Wide Awake Common School District (District No. 48) of St. Charles county were so divided that neither of the parts of said respective common school districts left out of said consolidated school district in its organization contained "at least eight square miles of territory and twenty children of school age, or an assessed valuation of fifty thousand dollars and twenty children of school age" in alleged contravention of the proviso to Sec. 10,497, R. S. 1939 (now Sec. 165.287, R. S. 1949), hereinafter quoted.

It is admitted that all other provisions of the statutes were complied with in the organization of said consolidated school district. Consult Sections 10,493-10,497, R. S. 1939 (see Sections 165.277-165.287, R. S. 1949). The material facts will be developed in the course of the opinion.

Respondents first contend the Meridian and Wide Awake districts were not de facto or de jure common school districts and there can be no objection to excluding them, or any part of either of them, from said Consolidated School District No. 3. They cite Section 10,410, R. S. 1939; State ex rel. Consolidated District No. 13, New Madrid County v. Smith, 337 Mo. 874, 86 S. W. 2d 943, 944 [2]; State ex rel. Frisby v. Hill, 152 Mo. 234, 53 S. W. 1062, 1063 (2). The trial court did not take this view of the law and the authorities relied upon do not establish respondent's position.

The details of the contention need not be developed because it is apparent from the agreed upon facts that Consolidated School District No. 3 of St. Charles County, Missouri, embraced the territory of Common School Districts Nos. 22, 23, 43, 44, 45, 46, 47, 48, 49, 50 and 51, and the Wentzville School District, all in St. Charles County, Missouri, except that portions ▆▆▆ of District No. 47, known as the Meridian School District, and District No. 48, known as Wide Awake School District, situate in Warren County, Missouri. It was further expressly agreed that said Meridian and Wide Awake common school districts had been acting under color of law and conducted and maintained their respective schools for many years up to the organization of said Consolidated School District, and had been so recognized by the public and public officers in the counties of St. Charles and Warren, State of Missouri, except that since April, 1945, the Wide Awake Common School District had not maintained a school within the district but had continued to function as a common school district with a duly elected board of directors and transported the children within the district to the schools of other districts by arrangements under the provisions of Section 10,324, R. S. 1939.

Thus, in the organization of respondent Consolidated School District No. 3, the Meridian and Wide Awake common school districts were recognized as de facto if not de jure common school districts by respondent consolidated school district, the public and public officials,

and each had been functioning as such for many years prior to the organization of respondent consolidated school district. Neither the Meridian Common School District nor the Wide Awake Common School District or the board of directors of either of said districts are parties to this quo warranto proceeding. In these circumstances the corporate existence of the Meridian and Wide Awake common school districts is not open to collateral attack by respondents.

In Black v. Early, 208 Mo. 281, 303(I, II) 106 S. W. 1014, 1020 (1, 2), we held, after reviewing authorities, that if a going school district, whether de jure or de facto, be without legal existence, it must be dissolved, if at all, by quo warranto and its corporate existence is not subject to collateral attack; stating: "we conceive the law to be that a *de facto* body corporate, acting under color of law and legal right in conducting a public school for several years, is as free from collateral assaults on its corporate life as one *de jure.*" (l. c. 303 and 1020, respectively.) Consult also State ex rel. Consol. School Dist. No. 2 v. Hunt (Mo.), 199 S. W. 944, 945(I); School Dist. of Columbia v. Jones, 229 Mo. 510, 517(I), 129 S. W. 705, 707(1); State ex inf. Barker v. Smith, 271 Mo. 168, 196 S. W. 17, 20[6]; State ex rel. School Dist. No. 1 v. Miller, 113 Mo. App. 665, 88 S. W. 637; Gray v. School Dist. No. 73, 224 Mo. App. 905, 28 S. W. 2d 683, 685[2, 5]; State ex rel. Smith v. Gardner (Mo. App.), 204 S. W. 2d 319, 321[2-4]; Spilker v. Bethel Special School Dist. (Mo. App.), 235 S. W. 2d 78, 80; Spiking School Dist. No. 71 v. Purported Enlarged School Dist., No. 42,019, not reported to date.

Respondents' case of State ex rel. Frisby v. Hill, supra, did not involve the legality of the corporate existence of a school district, but whether its annexation of and exercise of jurisdiction over a certain 40 acres theretofore detached from another district was valid, an issue which could be and was answered without affecting the corporate existence of the school district. (152 Mo. l. c. 241, 53 S. W. l. c. 1064.) State ex rel. Consol. Dist. No. 13 v. Smith, supra, was a mandamus proceeding to compel the State Auditor to register certain bonds of said consolidated school district, and in such proceedings the State Auditor may question the legality of the school district's corporate existence, such assault being considered, under the statutes (Section 3306, R. S. 1939, now Section 108.240, R. S. 1949), a direct as distinguished from a collateral attack; and the case is otherwise distinguishable on the facts. Consult State ex rel. Buckley v. Thompson, 323 Mo. 248, 19 S. W. 2d 714, 718[3, 6, 8]; State ex rel. Consol. Dist. No. 9 v. Thompson, 325 Mo. 1170, 30 S. W. 2d 603[1]; State ex rel. School Dist. of Affton v. Smith, 336 Mo. 703, 80 S. W. 2d 858, 860[8].

The west line of respondent consolidated school district is the county line between St. Charles and Warren counties. The Meridian district and also the Wide Awade district embraced territory within

St. Charles and Warren counties. The areas ▮▮▮ of the Meridian and the Wide Awake districts lying west of said county line and within Warren county were left out of respondent consolidated school district. This resulted under the agreed statement of facts in leaving the Meridian district and also the Wide Awake district with less than eight square miles of territory, to-wit: 1.43 and 1.37 square miles of territory, respectively, and with less than twenty children of school age, to-wit: five and three children of school age, respectively.

Did this division and exclusion of portions of the Meridian and Wide Awake districts from respondent consolidated school district cause the organization of respondent district to be void on account of conflict with the proviso of Sec. 10,497, R. S. 1939? The section provides:

"Whenever by reason of the formation of any consolidated school district a portion of the territory of any school district has been incorporated in the consolidated district, the inhabitants of the remaining parts of the districts shall proceed in accordance with section 10,486, providing for the annexation to city school districts and the consolidated district shall be governed by the same provisions as govern city school districts in such cases. The inhabitants of the remaining parts of the districts may also annex themselves to any other adjoining district or districts by filing a petition asking to be so annexed with the clerk or clerks of the district or districts to which they desire to be annexed and by also filing a copy of all such petitions with the clerk of the county court: *Provided, that in the formation of any consolidated school district, as provided in this article, no district shall be divided unless the part left shall contain at least eight square miles of territory and twenty children of school age, or an assessed valuation of fifty thousand dollars and twenty children of school age.*" (Italics ours.)

The requirement of the proviso that "the part left" contain "twenty children of school age" applies to each of the two alternative requirements that "the part left" contain "at least eight square miles of territory" or have "an assessed valuation of fifty thousand dollars"; and the agreed facts that the part left in the Meridian district and the Wide Awake district contained only five and three children of school age, respectively, attending the public schools sustain the position of relators if said proviso is applicable and mandatory.

Respondents contend court en banc in State ex inf. Kamp v. Pretended Consolidated School Dist. No. 1, 359 Mo. 639, 223 S. W. 2d 484, found the proviso was not mandatory. We do not agree.

In the Kamp case at the time the consolidation was voted and at the time of trial no child of school age within the 293 acres of the common school district excluded from the consolidated district was affected by the consolidation; and the court said: "Plainly therefore the exclusion of the 293 acres does not affect a single patron or pupil

in any school district in either county. In these circumstances 'a strict or literal compliance therewith will not be required, if it is evident that a failure in that regard has wrought no injury.' State ex rel. Gentry, Attorney-General, v. Sullivan, 320 Mo. 362, 368, 8 S. W. 2d 616, 618.'' (223 S. W. 2d l. c. 489.) On these peculiar facts the court held: ''* when the infringement relied upon is not of a substantial nature, one violating some essential meaning and purpose of the statute, the requirement cannot be said to be mandatory in the sense that the consolidation will be declared void. State ex inf. McAllister ex rel. Lincoln v. Bird, 295 Mo. 344, 244 S. W. 938; State ex rel. Gentry v. Sullivan, supra.'' (223 S. W. 2d l. c. 490.)

We think the court in the Kamp case considered that the instant proviso was mandatory in instances wherein the violation of its letter and spirit affected substantial rights of the children of school age and patrons of the district as in the instant case. The court also said:

''It may be candidly stated that a literal, 'according to the letter,' application of the proviso to the mere fact of the omission would [950] render the consolidation illegal and void. But, when the additional attendant circumstances of this case are considered and the practical purposes of the statutes relating to schools and school districts are taken into consideration and given a common sense application, it cannot be said that the mere exclusion or omission of the 293 acres was such *a substantial violation of the mandatory requirements of the statutes* as to render the organization of this consolidated district void. * * *'' (Emphasis ours.) (223 S. W. 2d l. c. 488.)

See also the observations in State ex rel. Parman v. Manring, 332 Mo. 235, 58 S. W. 2d 269, 273[5]. Statutory provisions relating to the formation of school districts and of similar import to the instant proviso have been considered mandatory. Calvert v. Bates, 44 Mo. App. 626, 630(I); Farber Consol. School Dist. v. Vandalia School Dist., (Mo. App.) 280 S. W. 69, 72; State ex inf. Simrall v. Clardy, 267 Mo. 371, 185 S. W. 184, 187[1]; and see State ex rel. Frisby v. Hill, 152 Mo. 234, 53 S. W. 1062, 1063(2).

Respondents quote Hudgins v. Mooresville Consol. School Dist., 312 Mo. 1, 278 S. W. 769, 770[1]: ''Under a general classification, statutes are either mandatory or directory * * *. If mandatory, in addition to requiring the doing of the things specified, they prescribe the result that will follow if they are not done; if directory, their terms are limited to what is required to be done.'' This is not an absolute rule.

The primary purpose of statutory construction is to ascertain and give effect to the expressed legislative intent. State ex rel. Wabash Ry. Co. v. Shain, 341 Mo. 19, 106 S. W. 2d 898, 899[5]; State ex rel. Mo. Mut. L. Ins. Co. v. King, 44 Mo. 283, 285, and see West, Mo. Digest, Statutes, Key No. 181. Generally statutory provisions relating to the essence of the thing to be performed or to matters of sub-

stance are considered mandatory, while those which do not relate to the essence and where compliance is merely a matter of convenience rather than substance are considered directory. State ex rel. Ellis v. Brown, 326 Mo. 627, 33 S. W. 2d 104, 107[2-6]; Morris v. Karr, 342 Mo. 179, 114 S. W. 2d 962, 964[2]. And see Kansas City v. J. I. Case Threshing Mach. Co., 337 Mo. 913, 931[8], 87 S. W. 2d 195, 205[15-17]; State ex rel. Vernon County v. King, 136 Mo. 309, 318, 319, 36 S. W. 681, 683, 38 S. W. 80.

The proviso under consideration provides "that in the formation of any consolidated school district, as provided in this article, no district shall be divided unless * * *" et cetera. This proviso takes back part of the power first granted. Brown v. Patterson, 224 Mo. 639, 658, 124 S. W. 1, 6; Riley Penn Oil Co. v. Symmonds, 195 Mo. App. 111, 117, 190 S. W. 1038, 1040[3]; State ex rel. Buchanan Co. v. Imel, 280 Mo. 554, 560, 219 S. W. 634, 636. It is framed in words of a prohibitory command that no district be divided unless as there conditioned. Consult 3 Sutherland, Statutory Construction, 3d Ed., Sections 5814, 4932-4934; Crawford, Statutory Construction, Sections 263, 297.

Respondents also contend that the proviso of Section 10,497 is limited to the second sentence of said section, and applies only to the fractional part of a school district remaining after being divided upon the organization of a consolidated school district in the event the inhabitants of a part of said remaining part seek to annex themselves to an adjoining district under the second sentence of said section and redivide said remaining part so as not to leave 20 children of school age et cetera in the part then left out. This, we understand, was the view taken by the trial court. It is not in accord with the construction put on the proviso in State ex inf. Kamp v. Pretended Consol. School Dist. No. 1, 359 Mo. 639, 223 S. W. 2d 484, and State ex rel. Parman v. Manring, 332 Mo. 235, 58 S. W. 2d 269, 273[5].

Section 10,497 was Section 5 of Laws 1913, pp. 721-725, the Consolidated School Law of 1913, and then consisted of only the first two sentences of Section 10,497. Among the cases involving said consolidated school law was State ex inf. Carnahan v. Jones, 266 Mo. 191, 181 S. W. 50, 51[2], decided December 8, 1915, which reversed a holding that county superintendents could not include within the boundaries of a proposed consolidated school district parts of districts not named in the petition, though adjacent to those specified therein. Thereafter, the Forty-ninth General Assembly, by Senate Bill No. 456, Laws 1917, pp. 509-511, amended Sections 3 and 5 of the Consolidated School Law of 1913. With respect to the proviso under consideration, said bill provided "That section 5 of said act be and the same is hereby amended by adding at the end of said section 5 the following:" and then set out the instant proviso and said Section 5 with the proviso added thereto. Said General Assembly also passed

Senate Bill No. 457, Laws 1917, p. 508, which made requirements of like effect to the proviso under consideration applicable to the formation or division of common school districts.

The trial court considered said Senate Bills Nos. 457 and 456 and noted that No. 457 appeared as Section 11,203, of Art. 3, Ch. 102, R. S. 1919, the article entitled "Laws Applicable to Common Schools," and has been so carried in subsequent revisions (R. S. 1929, Section 9,277; R. S. 1939, Section 10,412); whereas Senate Bill No. 456, amending Sections 3 and 5 of the consolidated school law as aforesaid, appeared as Sections 11,259 and 11,261 of Art. 4, Ch. 102, R. S. 1919, the article entitled "Laws Applicable to City, Town and Consolidated Schools," and has been so carried in subsequent revisions (R. S. 1929, Sections 9,353 and 9,355; R. S. 1939, Sections 10,495 and 10,497). The court concluded, as respondents urge here, that the proviso to said Section 5 is limited to the second sentence of said section, and does not apply to other portions of the section or said act of 1913.

Respondents also say that the proviso was added by changing the period at the end of the second sentence of said Section 5 to a colon and adding the proviso; and, hence, it is clear the proviso limited the second, or directory, sentence, only.

The contention fails to give effect to the fact that Senate Bill No. 456 amended said Section 5 "by adding at the *end* of said section 5" the proviso, which "Provided, that in the formation of *any* consolidated school district *as provided in this act* no district shall be divided unless * * *." (Italics added.) The words unmistakably refer to "any" consolidated school district organized under Laws 1913, pp. 721-725. The amendment explicitly added the proviso to Section 5 of the act and not to the second sentence of said Section 5. As it originally appeared in Laws 1917, p. 510, a period closed the second sentence of Section 5, and the proviso constituted a separate sentence in the section, and was as independent of the second sentence as of the first sentence of Section 5. The period appears as a colon in Section 11,261, R. S. 1919, a comma in Section 9,355, R. S. 1929, and as a colon in Section 10,497, R. S. 1939.

The case of State ex inf. Bothwell v. Schuster, 285 Mo. 399, 410, 411, 227 S. W. 60, 62, 63, stressed by respondents, involved a consolidated school district organized on March 15, 1917. The instant proviso (Laws 1917, p. 510) was approved, with an emergency clause, on March 27, 1917. It was not a law on March 15, 1917. In the Bothwell case the court refused to read into Laws 1913, pp. 721-725, a somewhat similar proviso of Section 10,837, R. S. 1909, providing a different method for organizing consolidated districts; specifically stating Laws 1913 as it then read contemplated "that the remaining parts of districts may have less than 20 pupils," and: "Second. The act does not mention any number of children that may be in the remaining parts of districts."

258

It appears to have been the intention of the Legislature to make Laws 1917, p. 508, applicable to common school districts and Laws 1917, pp. 509-511, applicable to consolidated school districts organized under Laws 1913, pp. 721-725. We are also of the opinion respondents' statement that this construction of the proviso is tantamount to a repeal of Section 10,486 and the first sentence of Section 10,497, R. S. 1939, does not necessarily follow. We are in accord with observations of respondents respecting the judgment of county school superintendents in determining the boundaries of consolidated school districts and the public policy of the State for the advancement of education; but it does not lie within the province of the courts or administrative officials to revise the action of the General Assembly in its enactment of the laws. We adhere to the construction of the proviso in State ex inf. Kamp v. Pretended Consol. School Dist., and State ex rel. Parman v. Manring, supra, when substantial rights are involved, as here.

The judgment is reversed and the cause remanded with directions to enter a judgment of ouster. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.