STATE ex rel. R. D. ROGERS, Prosecuting Attorney, v. J. H. PATTON et al., Respondents.

St. Louis Court of Appeals, February 21, 1899.

Quo Warranto: SCHOOL DISTRICT LYING IN TWO COUNTIES: FORMATION OF NEW SCHOOL DISTRICT: SECTION 7976, REVISED STATUTES 1889, APPLIES. In the case at bar it was competent for the voters in the territory of Audrain county to form a new district, as it contained the requisite number of children of school age. The portion of the district lying in Callaway county could only be attached to an existing district in that county, as it did not contain the required number of pupils for the formation of an independent district, and in the formation of the new district in Audrain county there was a substantial compliance with the law. Held, that section 7976 Revised Statutes 1889 applies and that the trial court did right in dismissing the proceedings.

*Appeal from the Audrain Circuit Court.*—HON. ELLIOTT M. HUGHES, Judge.

AFFIRMED.

W. W. FRY and RHODES CLAY for appellant.

Whether this case is found to be an effort on part of defendants "of forming a separate district" under section 7972, Revised Statutes 1889, as amended by acts 1895, page

267 and section 7976, or as a uniting of two districts under an agreement and contract as one district, and the defendants undertook to dissolve the agreement and reinstate the Audrain territory as one distinct separate district plaintiff must prevail. The original district composed of territory in the two counties was no doubt organized under Revised Statutes 1855, sections 8 to 11, pages 1434, 1435. Sayre v. Tompkins, 25 Mo. 443. The district although irregularly formed may be considered as existing *de facto.* It is enough to show that it had in fact been organized and had acted as a regular school district for several years. It matters not how it was organized, the question is whether the territory in Audrain was legally separated and organized into a new district. There is no provision of law, nor can the Audrain territory by right, simply withdraw from the district without a voice or knowledge on the part of the remainder of the district. If they wish to leave the district it must be by a strict compliance with the provisions of the statutes. Revised Statutes 1889, sections 7972 and 7976; Shattuck v. Phillips, 78 Mo. 80; School Dist. v. School Dist., 94 Mo. 612-618; Mason v. Kennedy, 89 Mo. 23; State ex rel. v. Young, 84 Mo. 90. Defendants undertook to proceed under Revised Statutes, section 7916, to "form a separate district." The statute provides that "if a majority of the votes cast at such election be in favor of forming a separate district."

C. T. ALLEN for respondent.

That the two former districts were consolidated more than thirty years ago is abundantly established by the testimony of nearly all the witnesses. Proof of a formal consolidation is not needed. Long acquiescence, etc., establishes the fact of such consolidation. 21 Am. and Eng. Ency. of Law, p. 783; Rice v. McClelland, 58 Mo. 116. The said newly created district, on May 29, 1897, contained thirty-eight school children and over $72,000 of taxable property. The

only restriction upon the formation of a new district is that it shall contain twenty school children, no matter under what section action may be taken to form the new district. R. S. 1889, sec. 7972, as amended by Acts 1891, p. 206, and Acts 1895, p. 267.

BIGGS, J.—This is a proceeding of *quo warranto* filed by the prosecuting attorney of Audrain county, which questions the right of respondents to exercise the office of school directors. The respondents are assuming to act as directors of school district number 3, township 50, range 10, in Audrain county, and the prosecuting attorney alleges that this assumption of authority is without lawful right. It appears from the record that the territory embraced in the district mentioned and the territory in school district number 4, township 49, range 10, in Callaway county, are contiguous and that for many years the two districts have been acting as one district. There has been a common board of directors, but each district has had its own clerk and each has made a separate assessment for school purposes. The center of the school house is located on the county line. In May, 1897, a majority of the voters in the Audrain portion of the consolidated district undertook to withdraw and to form a new district. The respondents were chosen as the first board of directors of the district thus formed. In this proceeding the validity of the alleged separation and of the attempted formation of the new district is drawn in question. The decision of the circuit court was in favor of the respondents. The plaintiff has appealed.

In bringing about the separation and in establishing the new district the voters followed the requirements of section 7976, Revised Statutes of 1889, which is as follows:·

"Whenever any school district or districts shall be divided by county lines, and a majority of the qualified voters residing in either fractional part thereof may desire to attach themselves to an adjoining district within their own

county, or form a separate district, they shall hold an election for that purpose, first giving fifteen days' notice by posting up printed or written hand-bills in five of the most public places of such fractional district, stating the time, place and object of the election; and if a majority of the votes cast at such election be in favor of uniting themselves to an adjoining district in their own county, or forming a separate district, they shall notify the district clerks of the districts interested, of the result of the election; and if it is desired by such fractional district and a portion of the adjoining district to form a new district, it shall be the duty of such adjoining district school board to so change their boundary lines as may be agreeable to the inhabitants interested therein, and notify the county clerk and county commissioner of the change so made; but if such division can not be so made by the district board, or if they refuse or neglect to act when notified of such desire, they may appeal to the county commissioner, who shall proceed to ascertain the facts in the case, and locate the boundaries of such new district as appears to be just and proper, and to the best interest of the inhabitants interested therein, such new district to be governed as hereinbefore provided in forming new districts: Provided, that if a school house has been located and built by a district thus divided by a county line, and that portion of the district desires to withdraw in which the school house has been located and built, they shall first pay to the portion of the district situated in the adjoining county their *pro rata* share of the value of such school house: Provided, that hereafter no new school district shall be formed divided by county line, except where the portion of a district sought to be joined across the county line is cut off from the district or districts in the same county by a running stream, which can not easily be crossed by children attending said school."

In the territory embraced in Audrain county there are more than twenty pupils of school age, but in that lying in

Callaway county there are less than that number. It is
urged by the relator that because of the fact that the frac-
tional portion of the district in Callaway county contains
less than twenty pupils that the Audrain portion could not
legally withdraw and leave the remaining portion without
the power to conduct a school. The relator seeks to apply
the provisions of section 7972 of the statute as amended
(Sess. Acts 1895, p. 267), which provides, as it clearly ap-
pears from a perusal of the section, for the formation of new
districts out of territory lying wholly within a county. This
section prohibits the formation of such a district when by
such action "any district shall be left containing within its
limits by actual count less than twenty pupils of school age."
But where a district is divided by a county line, then a differ-
ent law (section 7976, *supra*) applies and governs the right of
separation. In such cases there are no limita-
tions as to this right, such as are insisted on by
the relator. The statute only requires cer-
tain things to be done, and when done the
separation is an accomplished fact. However, in the forma-
tion of new districts out of the fractional portions of such
a district so divided or in attaching them to districts in the
respective counties, then the provisions of section 7972 must
be observed. In the case at bar it was competent for the
voters in the territory of Audrain county to form a new dis-
trict as it contained the requisite number of children of school
age. The portion of the district lying in Callaway county
could only be attached to an existing district in that county,
as it did not contain the required number of pupils for the
formation of an independent district. We therefore hold
that as to the mode, manner and right of separation section
7976, *supra*, and not section 7972 must govern this case.

In the case at bar we have carefully examined the pro-
ceedings as to the separation of the two districts and the
formation of the new one in Audrain county, and we find a

COUNTY line.

substantial compliance with the statute.   A majority of the qualified voters in the territory in Audrain county signed the notices required by the statute; these notices stated the time, place and object of the meeting, and were duly posted; the meeting of the voters was held pursuant to the notices; at the meeting the vote was first taken on the question of separation, and it resulted in twelve votes for and three against the proposition; then followed a vote on the proposition to establish a new district, which vote was unanimous; a full and accurate report of the proceedings of this meeting was served on the clerks of the district; afterwards in pursuance of the requisite notices a meeting of the voters was held for the purpose of electing directors of the newly formed district; at that meeting the respondents were duly elected directors, and they thereupon took the oath of office required by law.   Under these facts the circuit court did right in dismissing the proceedings.   Its judgment will therefore be affirmed.   All concur.