THE STATE ex inf. JASPER THOMPSON, Prosecuting Attorney, ex rel. J. A. KENEPPE et al., Appellants, v. W. D. SCOTT et al., Directors of Armstrong Consolidated School District.

In Banc, July 16, 1924.

1. **SCHOOLS: Consolidated School District: City and Common-School Districts: Community.** A city-school district and the whole of an adjoining common-school district may be united into one consolidated school district, if the city district has less than two hundred children of school age, and the consolidated district, when formed, possesses an area of twelve square miles and two hundred children of school age. Such districts constitute a "community" within the meaning of the statute (Sec. 11257, R. S. 1919), and their inhabitants live in the same community.

2. ————: ————: **Boundaries.** The statute does not require the county superintendent to regard the boundaries of existing school districts in determining the boundaries of a consolidated school district proposed to be formed in a given community. It does not forbid the formation of a consolidated district which includes the exact territory formerly embraced within two or more existing districts.

State ex inf. Thompson v. Scott.      ·      .

3. ———: ———: **City District.** The statute does not prevent the bringing into a consolidated school district of a city or town district having less than two hundred children of school age. On the contrary, it inferentially authorizes the inclusion of such a district by providing that a town district having an enumeration of two hundred children of school age shall not be included.

4. ———: ———: **Section 11255.** Section 11255, Revised Statutes 1919, is not applicable to the formation of a consolidated school district to be composed of a city district having less than two hundred children of school age and the whole of an adjoining common-school district. Said section relates to the consolidation of three or more districts, one of which may be a village district.

5. ———: ———: **Section 11252: Annexation.** Section 11252 relates to the annexation to a town or city school district of the whole or a part of an adjoining district, the proceeding to be initiated by the adjoining district and the annexation to be consummated upon its acceptance by the school board of the town or city district alone. It may be employed to effect the annexation to a city district of the whole of an adjoining common-school district whose inhabitants initiate the proceeding; but it is an older statute than Sections 11257, 11258 and 11259, which are a later expression of the legislative will, are not inconsistent with it and do not attempt to repeal it. It does not apply where the qualified voters of a common-school district unanimously oppose and do not apply for annexation to an adjoining city or town district.

6. ———: ———: **Without Consent of Common-School District.** A city or town school district having less than two hundred children of school age, and the whole of an adjoining common-school district, if they constitute one community, and both, when consolidated, have an area of twelve square miles and two hundred children of school age, may be united into one consolidated school district, under Sections 11257, 11258 and 11259, Revised Statutes 1919, if a majority of the qualified voters of both, at a regularly held meeting, vote for consolidation, although the qualified voters of the common-school district may unanimously oppose and all vote against consolidation. Section 11252, providing for the annexation of an adjoining common-school district, upon its application, to a city or town school district, has no application to such situation.

7. ———: ———: **Rural High Schools.** The General Assembly, by authorizing the consolidation of a town or city school district having an enumeration of less than two hundred children of school age, with the whole or parts of other districts of the community,

furnished its own definition of what is meant by the words "rural high schools" used in the act (Secs. 11257, 11258 and 11259, R. S. 1919), and thereby refused to limit consolidation to the sole purpose of maintaining elementary schools and a "rural high school."

Headnotes 1 to 7:    **Schools:**   1 to 4, 35 Cyc. 850; 5, 35 Cyc. 837; 6 and 7, 35 Cyc. 850.

Appeal from Howard Circuit Court.—*Hon. A. W. Walker*, Judge.

AFFIRMED.

*J. H. Denny* and *Lionel Davis* for appellants.

(1)   Section 11252 provided a way for uniting an adjacent rural district to a town district. This method was specific and exclusive and is the only method provided by law for consolidating a single rural district and a town district. Sec. 11252, R. S. 1919. Section 11252 was a part of Article IV long before the Act of 1913 was passed; and the Act of 1913 (Sec. 11257, R. S. 1919) provided that all laws applicable to the organization and government of town and city school districts as provided in Art. IV, chap. 106, R. S. 1909, should apply to districts formed under that act. This was equivalent to a re-enactment of all the previous sections of Article IV of the school law, and negatives any idea of express or implied repeal. The new was made subordinate to the old, and in case of conflict or doubt the old would control.   (2)   That construction is favored which gives effect to every clause and every part of the statute thus producing a consistent and harmonious whole. A construction which would leave without effect any part of the language used, should be rejected if an interpretation can be found which will give it effect. 26 Am. & Eng. Ency. Law (2 Ed.) p. 618; St. Louis v. Lane, 110 Mo. 258.   (2)   Both the title and the emergency clause of

the Act of 1913 clearly show that this act had reference only to rural consolidated schools and rural high schools. Laws 1913, p. 724. The title of the act is the most important part of it. The act itself could not go beyond the scope of its title. The Constitution requires that the act shall include but one subject, and that this subject shall be clearly expressed in its title. Sec. 28, Art. 4, Mo. Constitution. The whole act relates to but one subject, namely, consolidated and rural high schools. State ex rel. v. Gordon, 261 Mo. 639; State ex inf. v. Morgan, 268 Mo. 265. Article IV had already provided for elementary and high schools in towns and cities, and the testimony shows Armstrong had both. Sec. 11241, R. S. 1919; Sec. 10869, R. S. 1909. The Act of 1913 was intended to provide rural high schools—high schools in the country—and there was only one way to create them —that was by consolidating rural territory, with the rural high school the central feature, and one or more elementary schools in the same district. The district formed under this act was to furnish both elementary school and high school. Sec. 11257, R. S. 1919; Sec. 1, Laws 1913, p. 722. And it was to be a rural high school formed of rural territory, with a central high school on a five-acre site. Such areas are not required for town schools. Sec. 11263, R. S. 1919; Sec. 7, Laws 1913, p. 724. Section 4, Laws 1913, now Sec. 11260, R. S. 1919, provided for transportation of pupils. The whole act was intended for the rural districts, just as its title says it was.

*R. M. Bagby* and *Richard K. Bridges* for respondents.

The provisions of Secs. 11201, 11252 and 11255 are not in harmony and are inconsistent with the Act of 1913. The act undertakes to provide for consolidated school districts which are essentially different from any school district previously known in the State. State ex inf. Bothwell v. Schuster, 285 Mo. 399.

DAVID E. BLAIR, J.—*Quo warranto* proceeding to test the validity of the organization of Armstrong Consolidated School District No. 4 in Howard County and to oust respondents as directors thereof. The trial court found for respondents and denied the ouster. Relators below appealed to this court.

As we understand the record and briefs, there is no contention made by appellants that any of the statutory steps and proceedings to perfect a valid organization were omitted, if the alleged organization was otherwise effected under the appropriate sections of our statutes. This obviates the necessity of stating the pleadings and evidence at length.

The information was in conventional form and charged that respondents usurped and still usurp the pretended authority of school directors of said alleged consolidated school district and prayed for judgment to that effect and for ouster of respondents from their said pretended offices.

Respondents filed a return setting up all the facts in connection with the steps taken in the organization of said consolidated school district, including petition to the county superintendent of schools, preliminary investigation by him, determination of the boundaries of said consolidated district by him and preparation of a plat by him, the posting of notices of election and copies of such plat, and holding of the election and announcement that the proposition to organize as a consolidated school district had carried, the election of the respondent members of the board of directors (two of whom were afterwards elected as their own successors), and all the subsequent steps provided for by Section 11259, Revised Statutes 1919, as supplemented by Section 11237. Respondents therefore prayed to be discharged with their costs.

Appellants filed a demurrer to said return, and the same was overruled by the trial court. Thereupon appellants filed a reply, consisting of a general denial and

an admission that the alleged consolidated school district comprised all the territory previously included in Common School District No. 43 and Town School District No. 42 in Howard County.

Evidence was offered by respondents which established beyond any dispute all the facts set out in their return. The trial judge made a finding of facts in full accord with the facts alleged in said return. The correctness of such finding of facts is not challenged here. The contention is that such facts constitute no defense in this case.

The sole issue before us then is one of law, and that issue is whether the consolidated school district was properly organized under Sections 11257, 11258 and 11259, Revised Statutes 1919. Section 11259 was amended in 1921 (Laws 1921, p. 654), but such amendment affects no question here involved.

The city of Armstrong is situated in Howard County and has a population variously estimated from six hundred to eight hundred. Sometime prior to February 15, 1923, the high school building in the Armstrong school district, which apparently included some territory outside of the city of Armstrong, was destroyed by fire. For reasons not here important, a movement was started to consolidate some of the adjoining common-school districts with said Armstrong town district. A petition to that end was filed with the Superintendent of Schools of Howard County, and he called a meeting at Armstrong, which was largely attended by qualified voters from the several districts proposed to be affected. The Armstrong voters favored consolidation. The voters of Liberty District opposed it, apparently with unanimity. But the boundaries were fixed by the superintendent of schools, the election was called and the proposition to consolidate the Armstrong and Liberty districts carried by a substantial majority. The town folks evidently outnumbered the country folks and action desired by the town folks was taken. The consolidated school dis-

trict comprised exactly the same territory previously embraced within the boundaries of the Armstrong and Liberty districts. No parts of other districts were taken into such consolidated school district.

Appellants contend that the organization could not be effected under Sections 11257, 11258 and 11259, and contend that other sections of the statutes, to be noticed hereafter, covered the situation. As such other sections were not followed, it is contended that the attempted organization was ineffective and void and that respondents should be ousted from their pretended offices.

We find nothing in Sections 11257, 11258 and 11259 forbidding such organization of two districts thereunder. Section 11257 provides that the qualified voters of any community may organize a consolidated school district for the purpose of maintaining both elementary schools and a high school. The Armstrong and Liberty districts certainly constitute a community within the meaning of such section. In State ex inf. v. Jones, 266 Mo. l. c. 196, the word "community" was considered by this court and it was there said: "The word community in this act is not employed in any technical or strictly legal sense, but is a sort of synonym of 'neighborhood' or 'vicinity' (Berkson v. Railroad, 144 Mo. l. c. 220, 221) or may be said to mean the people who reside in a locality in more or less proximity. [Keech v. Joplin, 157 Cal. l. c. 11.] So defined, a community may include several districts and parts of districts. There is no requirement that the petitioners shall reside here or there in the community. That they are resident citizens of it is enough." The inhabitants of Armstrong School District and of the adjoining Liberty School District clearly live in the same community, as thus defined.

Section 11258 provides that no such consolidated school district shall be formed unless it contains an area of at least twelve square miles or an enumeration of at least two hundred children of school age. The evidence shows that there were more than the requisite children

of school age within the Armstrong Consolidated School District No. 4, and the plat in evidence shows that the area thereof is approximately nineteen square miles. The same section provides that no such district shall include within its territory any town or city district which has, by the last enumeration, two hundred children of school age. The undisputed evidence is that the Armstrong town district had an enumeration of only 197 such children. Hence, the consolidated district formed complied in every particular with Section 11258.

As already stated, all the steps required to be taken by Section 11259 were properly taken. In fact, the record shows that the steps provided for in said section were faithfully followed in the most minute detail.

There is nothing in either of the sections referred to requiring the county superintendent of schools to pay any attention to boundaries of existing school districts in determining the boundaries of a consolidated school district proposed to be formed in any given community. It has been held a number of times that such districts may be so formed. [State ex rel. v. Schuster, 285 Mo. l. c. 409; State ex rel. Roberts v. Stephens, 294 Mo. l. c. 511, 243 S. W. l. c. 90; State ex rel. v. Glaves, 268 Mo. l. c. 104, 105; State ex rel. v. Wright, 270 Mo. l. c. 387.] For this reason there is nothing in the act forbidding such consolidated district including exactly the territory formerly included in two or more existing districts.

Nor is there anything in said sections preventing a town district like the Armstrong district from being brought into such consolidated district. In fact, Section 11258 clearly contemplates that such town districts may be thus consolidated, when it provides that town districts having an enumeration of two hundred children of school age shall *not* be so included. Town districts of smaller enumeration are thus inferentially, but nevertheless clearly, made available for consolidation with country school districts.

Section 11255 provides that three or more consolidated school districts or a village district, having less than two hundred children of school age, together with two or more adjoining districts, may be consolidated into a new district for the purpose of maintaining primary schools and a high school. The Armstrong town-school district and the Liberty common-school district could not be consolidated under the provisions of said section. It would require consolidation of at least three districts and two districts could not be consolidated under its provisions.

Said Section 11255 refers to Section 11201 for procedure in organization only. It contemplates consolidation of entire districts and not parts of districts or entire districts as do Sections 11257, 11258 and 11259, known as the 1913 Act. The idea of community organization controlling the boundaries of consolidated school districts, provided for by the 1913 Act, is entirely wanting in Section 11255, where districts must be taken in *as a whole* or not at all.

Under the provisions of Section 11252, relating to annexation to town or city school districts of the whole or part of an adjoining district (which section relators contend must govern here), the proceedings must be initiated by such adjoining district. There the province of the board of directors of the town or city school district is merely to accept or reject such proposed annexation, after the special meeting of the adjoining district has taken action favoring such annexation. The opposition of the voters of the Liberty district would, of course, have defeated annexation under Section 11252.

Appellants contend that the alleged consolidation was in fact an attempted annexation and must be regarded as void because the procedure outlined in Section 11252 was not pursued. This does not follow. Sections 11257, 11258 and 11259 are part of Laws of 1913, page 721, and a later expression of the legislative will. Said 1913 Act did not purport to repeal Section 11252. There-

fore, in so far as the latter section is not inconsistent with the 1913 Act, it remains in full force and effect. It may not be doubted that annexation could have been effected by appropriate procedure under said Section 11252; but such annexation is no longer the exclusive method of effecting consolidation of a town district, having less than two hundred children of school age, with an adjoining common school district, or part thereof, as relators contend. A different situation would exist if the town district had an enumeration of two hundred or more children of school age.

Section 11258 enables a town or city district of less than two hundred children of school age, to be consoliddated with the whole or parts of one or more common school districts upon the basis of community interest. Under that section and Sections 11257 and 11259 there is found no requirement that the voters of any particular district taken into the consolidated school district shall favor such organization. The only requirement on that point is that a majority of the voters at the organization meeting shall so vote. The petition to the county superintendent of schools need not be signed by qualified voters of any particular part of the proposed consolidated district. The only requirement is that they live in the same community. [State ex inf. v. Jones, 266 Mo. l. c. 196.]

The determination of the boundaries of the proposed consolidated school district is one for the sound discretion of the county superintendent of schools. The courts have uniformly refused to review the action of such superintendent. The qualified voters, living within the boundaries of such proposed consolidated district, as fixed by the county superintendent of schools, have full power to approve or reject his action. [See cases heretofore cited.]

It is the contention of relators that the Act of 1913 only authorizes the organization of consolidated school districts for the purpose of maintaining elementary

304 Mo. Sup.—43.

schools and rural high schools. By permitting consolidation of town or city districts, having an enumeration of less than two hundred children of school age, with the whole or parts of other districts, the General Assembly furnished its own definition of what it meant by the words "rural high schools," used in the title and emergency clause of the 1913 Act, upon which use relators lay considerable stress.

Under the present state of the law, it is possible for a town district with less than two hundred children of school age, to force consolidation upon a less populous country school district or part of such district, whose voters unanimously oppose such consolidation. The General Assembly has so written the law. Until the law is changed, the only office the courts may perform is to enforce it as thus written.

We hold that the 1913 Act fully enabled the qualified voters of the Armstrong and Liberty school districts to proceed under Sections 11257, 11258 and 11259, Revised Statutes 1919, and to do just what was done by them. As the procedural steps are shown to have been taken in full compliance with the provisions of said sections, it only remains for us to affirm the judgment of the trial court, which is accordingly done. All concur, except *White, J.*, absent.