THE STATE OF MISSOURI AT THE INFORMATION OF O. A. KAMP, Prosecuting Attorney of Montgomery County, Missouri, at the Relation of: FRANKLIN RODGERS, THAYNE LOTTEN, KERMIT KNEUBELER, C. O. McCOY, VERNON DAVIS, RALPH LEONARD, EDWARD O. DIETRICH, FLOYD ROUSSIN, J. A. WORSHAM, DAN SIEVERT, W. H. OBERSMITH, CHARLES TAGG, EVERETT DAVIDSON, RUSSEL ROBINSON, ROSCOE MAUPIN, JOHN HOLLOWAY, WILLIAM QUINN, ROBERT BROOKS, DAVID DILLMAN, EARL PRITCHETT, EMMETT BAILEY, ROBERT LOVE, MAC LOVE, JIM HOLLOWAY, JESS HOLLOWAY, LEE PINE, EARL PINE, PAUL McCULLOUGH, MURRAY PALARDIE, WILFORD BISHOP, BOND SMITH, GEORGE DAVIS, A. P. HENSLEY, WILLIAM DAVIS, ROY BOWLBY, ALFRED CLARK, JOHN DYKE, RAYMOND DYKE, KENNETH WAGGONER, ROSS WILLIAMS, HARRY COPE, M. B. LOTTON, RAY LOTTON, LEE BAILET, ORVILLE SHEETS, B. J. KNEUBEHLER, MONT HOLLOWAY, BRYAN HOLLOWAY, FRANK MADDOX and OGLE STRAUBE, Respondents, v. THE PRETENDED CONSOLIDATED SCHOOL DISTRICT NUMBER ONE (1) of Montgomery County, MISSOURI; and, EMMETT COBB, SAM WILSON, CARL LUELF, GEORGE OBERSMITH, PAUL RODGERS, EDWARD WERGES, Alleged Directors of the PRETENDED CONSOLIDATED SCHOOL DISTRICT NUMBER ONE (1) of Montgomery County, Missouri, Appellants, No. 40700— 223 S. W. (2d) 484.

Court en Banc, September 26, 1949.

*Don C. Carter* for appellants.

*S. S. Nowlin* and *Glover E. Dowell* for respondents.

BARRETT, C.—By this proceeding in quo warranto fifty resident taxpayers of Montgomery County challenge the organization of Consolidated School District No. 1 and seek to oust its directors. Jurisdiction of the appeal is in this court because it involves the title to an office under the state. Const. Mo. 1945, Art. 5, Sec. 3; State ex inf. Thompson v. Bright, 298 Mo. 335, 250 S. W. 599.

In May 1946 nine common school districts were organized into a consolidated school district for the purpose of establishing and maintaining both elementary schools and a high school. Mo. R. S. A., Secs. 10493, 10495, 10497. In August and September 1946 the relators instituted this proceeding which was tried in April 1947. In the meanwhile the organization of the consolidated district was perfected and it has since performed the functions of such a district. Directors were elected, teachers were employed, taxes were collected and the consolidated school has been in operation since the 1946-1947 school year. The trial court was of the view that Section 10497 had been violated in the organization of the district and that, there-

fore, the consolidation was illegal and void. Accordingly the court issued an order ousting the respondents as directors of the district. In addition, upon this appeal by the respondents, the relators contend that the consolidation was illegal and void because Section 10495 had also been ignored and violated.

The controversy, as to both questions, turns upon the force and effect of this one fact and its attendant circumstances: Included in the nine common school districts is District No. 30, known as the Mudd District, on the Lincoln County-Montgomery County line adjoining the Beck District in Lincoln County. In the Beck District there is a 293 acre tract of land separated from the balance of the Beck District by a stream of running water which makes access to the Beck school inconvenient to children residing on the 293 acre tract. Consequently (Mo. R. S. A., Sec. 10410), in 1920, the 293 acre tract in Lincoln County was voted out of the Beck District and into the Mudd District in Montgomery County. When the nine common school districts were organized into Consolidated District No. 1 of Montgomery County the 293 acre tract of land in Lincoln County was omitted from the consolidation and it is with this fact alone that we are concerned upon this appeal. Otherwise it is conceded that the consolidated school laws were all complied with and that the consolidation was legal in all other respects.

The appellant respondents contend that there is no substantial evidence that the 293 acre tract was ever legally a part of the Mudd District. If that were true, of course, there could be no objection to its exclusion from the consolidation. That was the exact situation and the precise point involved in State ex rel. Frisby v. Hill, 152 Mo. 234, 53 S. W. 1062. In that case a forty acre tract of land had never been legally detached from common School District ·No. 1 and therefore it was not illegal in the formation of new District No. 6 to omit the land from the new district even though District No. 1 had once attempted, illegally, to vote the land out of its territory and District No. 6 had once attempted, illegally, to vote the land into its territory. But in this case, even though the original school and district records are not now available and no one knows exactly what they contain, the evidence is almost conclusive that the 293 acre tract was legally voted out of the Beck District in Lincoln County and into the Mudd District in Montgomery County in 1920 and the meritorious question is the effect of its exclusion from the new Consolidated District No. 1 of Montgomery County.

In the first place the respondents contend that its exclusion invalidated the consolidation because the notices and plats proposing the consolidation and calling the election were not signed by the County Superintendents of Schools of both Lincoln and Montgomery counties. When the County Superintendent of Montgomery County first prepared the statutory notices and plats the 293 acre tract in Lincoln

County was included in the proposed consolidation but the County Superintendent of Lincoln County refused to sign them and refused to agree to the proposed consolidation. Whereupon new notices and plats were prepared and the land in Lincoln County was omitted from the proposal and the consolidation of the nine districts was effectuated without the 293 acres.

The respondents' first point that the consolidation was void because the notices and plats were not signed by the County Superintendents of both counties is based upon the fact that the trial court found that the 293 acre tract was a part of the Mudd District or a part of the nine common school districts. The land was a part of one of the nine districts and, therefore, it is argued that the fact is and that the court found that consolidation could not be legally effectuated without the consent and signatures of the County Superintendents of both counties in accordance with the proviso of Section 10495: "Provided, that all plats and notices posted as required in this section shall not be filed or posted unless approved and signed by the county superintendent of all counties in which any part of such proposed district shall lie: . . ." This section provides ▮▮▮ for the petition, notices and plats and what they shall contain "When the resident citizens of any community desire to *form* a consolidated district," and a meeting of the voters is called to consider the question. Obviously this section and its proviso apply to the formation of a consolidated district when it is proposed to include territory lying in more than one county. In that event the signature and approval of "the county superintendent of all counties in which any *part of such proposed district shall lie*" is required. In this case there was no attempt to include in the consolidation any land in Lincoln County. On the contrary the land in Lincoln County was excluded from the consolidation and Section 10495 does not require the approval and signature of a county superintendent unless it is proposed to include in the district land lying in his county. In connection with common school districts the statute contains these provisions: "Whenever any school district in this state shall lie partly in two counties, and a majority of the qualified voters in that portion of said district lying in any one of such counties shall desire to divide such district by county lines, they may hold an election for that purpose in that part of the district where they reside . . . Hereafter no new school district shall be formed of territory lying in two counties, except where the portion of a district sought to be joined across the county line is cut off from the district or districts in the same county by a running stream, which cannot easily be crossed by children attending said school; . . ." Mo. R. S. A., Sec. 10416. Another section of the same statute dealing with the formation of new districts contains this proviso: "Provided, however, that no new district shall be created or boundary line changed by which any district shall be

formed containing within its limits by actual count less than twenty persons of school age, *or by which any district shall be left containing wthin its limits by actual count less than twenty persons of school age*: . . ." Mo. R. S. A., Sec. 10410. So, when District No. 3 in Audrain County detached itself from District No. 4 in Callaway County and the Callaway County district was left with less than twenty pupils of school age, it was objected that Section 10410 had been violated and that therefore the detachment was illegal. But the court held that Section 10410 and its restrictions applied to the formation of new districts only, "out of territory lying wholly within a county. This section prohibits the formation of such a district when by such action 'any district shall be left containing within its limits by actual count less than twenty pupils of school age.' But where a district is divided by a county line, then a different law (Section 10416) applies and governs the right of separation." State ex rel. Rogers v. Patton, 79 Mo. App. 164, 168. In the consolidated school law there is no specific provision for the separation or detachment of districts or parts of districts lying in more than one county but the case and its approach to the statutes is an analogy for our view that the proviso of Section 10495 does not apply when there has not been an attempt to consolidate territory in more than one county. The trial court did not base its decision upon a violation of this section and its ruling does not necessarily imply that compliance with this statute was necessary to the validity of the consolidation.

The trial court's decision is based upon the fact and finding that the omission of the 293 acre tract divided the district "in such manner that the part left out of said Pretended Consolidated School District did not contain eight square miles of territory, did not contain twenty children of school age, and did not have an assessed valuation of fifty thousand dollars." The court was of the view, because the omitted territory did not contain eight square miles, twenty school children or a valuation of $50,000, that the proviso of Section 10497 had been violated and therefore the attempted consolidation was illegal and void, necessitating the ousting of the board and a declaration that the consolidation was void. The proviso was added to the section by an amendment in 1917 (Laws Mo. 1917, p. 510) and the original section was a part of the consolidated school law of 1913 (Laws Mo. 1913, p. 721), one of several principal revisions or amendments to the school laws. The entire section now reads as follows:

"Whenever by reason of the formation of any consolidated school district a portion of the territory of any school district has been incorporated in the consolidated district, the inhabitants of the remaining parts of the districts shall proceed in accordance with section 10486, providing for the annexation to city school districts and the consolidated district shall be governed by the same

provisions as govern city school districts in such cases. The inhabitants of the remaining parts of the districts may also annex themselves to any other adjoining district or districts by filing a petition asking to be so annexed with the clerk or clerks of the district or districts to which they desire to be annexed and by also filing a copy of all such petitions with the clerk of the county court: *Provided, that in the formation of any consolidated school district, as provided in this article, no district shall be divided unless the part left shall contain at least eight square miles of territory and twenty children of school age, or an assessed valuation of fifty thousand dollars and twenty children of school age.*"

It may be candidly stated that a literal, "according to the letter," application of the proviso to the mere fact of the omission would render the consolidation illegal and valid. But, when the additional attendant circumstances of this case are considered and the practical purposes of the statutes relating to schools and school districts are taken into consideration and given a common sense application, it cannot be said that the mere exclusion or omission of the 293 acres was such a substantial violation of the mandatory requirements of the statutes as to render the organization of this consolidated district void. We may not capriciously ignore the plain language of the statute but in determining what the language really means we may consider the entire purpose and policy of the statute and "the language in the totality of the enactment" and construe it in the light of "what is below the surface of the words and yet fairly a part of them." The meaning of statutes and particularly the meaning of our school statutes may not be found in a single sentence but in all their parts and their relation to the end in view or to the general purpose. *Some Reflections On The Reading Of Statutes*, Frankfurter, 2 Record Of The Ass'n. Of The Bar Of The City Of New York No. 6; 47 Col. L. R. 527. "This court has ruled several times that the consolidated school district statute must be liberally construed as a workable method employed by ordinary citizens, not learned in the law." State ex rel. Parman v. Manring, 332 Mo. 235, 243, 58 S. W. (2) 269, 273. So considered the bare facts involved in this cause may violate the words of the proviso but not its essence, policy or essential purpose in such a serious or substantial manner that the consolidation should be declared void.

This section and its proviso have not been construed by the courts heretofore but its general purpose and underlying policy may be determined from a consideration of the statutes relating to schools and school districts in general. In 1889 Section 7972 (as amended, now Section 10410) relating to common schools provided for the formation of new districts, the division of districts and the change of boundary lines between districts but the statute contained a pro-

viso, similar to the proviso of Section 10497, against leaving a district with less than thirty pupils or a valuation of less than $30,000 or nine miles of territory. So when the voters of District No. 5 in Adair County proposed to "cut off a strip on the south side of said district, a half mile wide by two and a half miles long" and which "strip did not lay alongside of any other school district in Adair County" it was held that the proposed action plainly violated not only the lan-. guage of the statute but also its essential purpose and policy. There it was proposed not only to omit a substantial tract of land but as the court also pointed out the effect of the proposal was to deprive children residing in the omitted territory not only of a school but of the benefit of attending any school. Calvert v. Bates, 44 Mo. App. 626. This is one of the things the proviso was designed to prevent, the evisceration of a district or the leaving of large areas of territory without reasonable access to schools. It was also designed to prevent one district from in effect disorganizing another district by arbitrarily and capriciously changing boundary lines. Farber Consol. School Dist. No. 1 v. Vandalia Dist. No. 2, (Mo. App.) 280 S. W. 69.

As we have previously pointed out, State ex rel. Frisby v. Hill, supra, held that a forty acre tract had never been a part of the proposed new district, hence it was not improper to omit it in the formation of the new district. But in discussing the proviso of Section 10410, had it applied, it is plain that the vice of its omission was that it left children in the territory unprovided for. State ex rel. Parman v. Manring, supra, was not a proceeding in quo warranto but a tax suit in which a taxpayer claimed that his eighty-one acres of unimproved land had not been included in the new district and was therefore not subject to the tax. But the court held that the land had in fact been included in the consolidation and was in the new district subject to the tax. The court did say that to have omitted the land would have violated Section 10497 but the court did not and plainly could not have held that the consolidation would have been void by reason of the mere omission of eighty-one acres of unimproved land.

Other than the mere omission of the 293 acres and the refusal of the County Superintendent of Lincoln County to assent to its inclusion and to sign the notices and plats, what are the additional attendant facts substantially relative to the validity of the consolidation of the nine common school districts in Montgomery County into one consolidated district for the purpose of maintaining elementary schools and a high school? When the tract was voted out of the Beck District and into the Mudd District in 1920 the land comprised two farms and two families with at least three children of school age resided on the land and attended the Mudd School. When consolidation was voted in May 1946 no one with children of school age was then living on the land. By that time the entire tract belonged to one man who

moved there in the latter part of May 1946. Neither he nor anyone else on the land or in Lincoln County is a party to this suit or an objector to the consolidation. He has two children of school age but they attend a parochial school at Hawk Point in Lincoln County. For a short period of time his tenant had a granddaughter of school age but she attended the Bellflower School which was District No. 31 in Montgomery County, another of the nine common school districts included in the consolidation. By the time the case was tried that man and his granddaughter had moved from the land and out of any school district concerned in this proceeding. Plainly therefore the exclusion of the 293 acres does not affect a single patron or pupil in any school district in either county. In these circumstances "a strict or literal compliance therewith will not be required, if it is evident that a failure in that regard has wrought no injury." State ex rel. Attorney-General v. Sullivan, 320 Mo. 362, 368, 8 S. W. (2) 616, 618.

The proviso was added to Section 10497 by amendment and yet the section plainly contemplates that parts of districts may remain after consolidation. State ex inf. Carnahan v. Jones, 266 Mo. 191, 181 S. W. 50 (decided prior to the amendment). The mere fact that sections of the act have been subsequently amended does not necessarily repeal previous existing provisions when all the enactments may be read together and harmonized. State ex rel. Consol. Dist. 5 v. Smith, 353 Mo. 840, 841, 845, 184 S. W. (2) 452, 453; State ex inf. Thompson v. Scott, 304 Mo. 664, 264 S. W. 369. In effect all the provisions of Chapter 72 relating to schools and school districts constitute a complete code even though the various subdivisions are exclusive when plainly applicable. State ex inf. Bothwell v. Schuster, 285 Mo. 399, 227 S. W. 60. If such parts of districts remain they proceed in accordance with Section 10486 of the common school law, and "The remaining portion of such district shall be entitled to be attached to said town or city school district: Provided, that the school population of said adjoining district has been reduced to a smaller number than that required by law, or the territory has been reduced to less than nine square miles; and whenever such adjoining fractional district shall desire to be so annexed, a petition or memorial shall be presented to the town or city school district, informing the board of directors of the same of their desire to be annexed, and giving the boundary of the fractional district desired to be annexed, the number of inhabitants in the same, and the number of children of school age; whereupon the board of education . . . shall take such action for the incorporation of such adjoining territory as is required to be taken when territory has been annexed, . . ." Mo. R. S. A., Sec. 10486. Section 10497 recognizes and contemplates remaining fractional parts of districts in this language: "the inhabitants of the remaining parts of the districts shall proceed in accordance with Section 10486," quoted above, and "The inhabitants of the remaining parts

of the districts may also annex themselves to any other adjoining district or districts by filing a petition asking to be so annexed . . ." Thus if it should ever come to pass that there were patrons or pupils residing on the 293 acres they not only have a remedy but a choice of · school districts and there is no possibility of injury resulting to those for whose benefit the school laws were enacted.

·It is the general policy of the school law that new school districts shall not be formed from territory lying in two counties except in the exceptional circumstance when the portion of the district sought to be joined across the county line is cut off from the district in its county by a running stream which cannot be easily crossed by children attending the school. Mo. R. S. A., Secs. 10416, 10495. So in the absence of injury to actual patrons or pupils the exclusion of the territory in Lincoln County is in accordance with the general policy of the law.

In the organization and creation of consolidated school districts certain requirements or prerequisites are mandatory in the sense that if they are not met and complied with the consolidation will be declared void. State ex inf. Simrall v. Clardy, 267 Mo. 371, 185 S. W. 184; State ex inf. Burges v. Potter, (Mo.) 191 S. W. 57; State ex inf. Thompson v. Scott, 304 Mo. 664, 264 S. W. 369. And this is not to minimize the force of those substantial requirements and the effect of failure to comply with them in the organization of a consolidated school district. But when the infringement relied upon is not of a substantial nature, one violating some essential meaning and purpose of the statute, the requirement cannot be said to be mandatory in the sense that the consolidation will be declared void. State ex inf. McAllister v. Bird, 295 Mo. 344, 244 S. W. 938; State ex rel. Gentry v. Sullivan, supra. In its final analysis and in its best light this case presents a mere "according to the letter" violation of the proviso, not one of the essential, substantial requirements of the statute and cannot have the force and effect of invalidating the organization of this consolidated school district.

Accordingly the judgment is reversed.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted · as the opinion of the Court en Banc. *Leedy, Conkling, Clark* and *Ellison, JJ.,* concur. *Douglas, J.,* concurs in result. *Tipton, J.,* and *Hyde, C.J.,* dissent.