STATE OF MISSOURI, AT THE RELATION OF O. H. ACOM, W. N. HAWKINS, O. A. KNIGHT, B. T. OWENS, RAY DILLARD, AND J. I. BURLESON, CONSTITUTING THE MEMBERS OF THE BOARD OF DIRECTORS OF WARDELL CONSOLIDATED SCHOOL DISTRICT No. 3, PEMISCOT COUNTY, MISSOURI (RELATORS), APPELLANTS, v. FLOYD HAMLET, COUNTY SUPERINTENDENT OF SCHOOLS OF PEMISCOT COUNTY, MISSOURI, AND JOE CAHOON, A. L. KIDWELL, HERB PRANGIE AND C. C. CECIL, CONSTITUTING THE BOARD OF ARBITRATION TO SETTLE SCHOOL BOUNDARY LINE DISPUTE, RESPONDENTS.—244 SW (2) 118.

Springfield Court of Appeals.   December 4, 1951.

*R. W. Hawkins, Jones & Jones, Langdon R. Jones, Robert H. Jones* for Appellants.

556

*John M. Dalton* and *Harold B. Treasure* for Respondents.

VANDEVENTER, P. J.—This is an appeal from a judgment of the circuit court of Pemiscot County quashing a preliminary rule of prohibition and dismissing relators' petition. The petition sought to prohibit the Superintendent of Schools of Pemiscot County, and four arbitrators appointed by him, from proceeding to consider the necessity of a proposed change of boundary under the provisions of Section 165.170, Mo. R. S. 1949.

The undisputed facts, gleaned from the petition and evidence, show the members of the Board of Directors of Wardell Consolidated School District No. 3 of Pemiscot County had refused to call an election for the annual school meeting to be held April 4, 1950, or to post notices as required by statute, after a proper petition had been presented to them. A mandamus action was brought against them in the circuit court and they took a change of venue from Pemiscot to Butler County. The delay in hearing the cause in Butler County, (caused by the change of venue) prevented the Board of Directors from giving the required statutory notice of fifteen days. The Circuit Court of Butler County issued a supplemental alternative writ of mandamus, requiring the Board of Directors of Wardell Consolidated School District No. 3 to hold an election at a time other than the annual meeting or show cause why they should not do so. Later a peremptory writ was issued. This decision was appealed to this court and we held in State ex rel. v. Acom et al. (Mo. App.) 236 S. W. (2) 749, that the election, under the circumstances of that case, could be held at a time other than the annual school meeting and our mandate directed the circuit court of Butler County "to fix another date for the holding of such election with all the necessary orders for notice as required by Sec. 10410 R. S. Mo. 1939, (now Sec. 165.170 Mo. R. S. 1949). Further facts may be obtained by reading that opinion. It was handed down February 20, 1951 and on that date copies were transmitted to counsel for relator and to counsel for respondent. No motion for rehearing was filed and the mandate of this court was sent down March 8, 1951. This was done in plenty of time to permit the holding of an election at the annual school meeting, April 4, 1951, after giving all of the required statutory notices. Everyone—counsel for both parties and the court—had full notice. However, the court's judgment on the mandate issued on the 19th day of March, 1951, directed respondents in that case:

" * to call a meeting and to meet as members of said Board of Education of said school district within thirteen days *after this date* and at said meeting to call an election to be held within twenty days and not less than fifteen days after said meeting in said school district at such convenient place or places within the district as said respondents may designate, beginning at seven o'clock A. M., and closing at six o'clock P. M. on said date, and to appoint three judges of election for each voting place, and to make such other arrangements as may be necessary for conducting the election in said district on said date, and to order the Respondent, E. E. Wisener as Secretary of the Board of Education of said district to post notices of said election on said proposition in at least five public places in said district fifteen days prior to the date so designated for said election, and commanding and directing the Respondent, E. E. Wisener, to post a notice of the changes

desired in the boundaries of Consolidated School District No. 3 or (of) Pemiscot County, Missouri, and Peach Orchard School District No. 50 of Pemiscot County, Missouri, as set forth in the Petition filed by the Relators with said respondent on March 18, 1950, in at least five public places within the boundaries of Wardell Consolidated School District No. 3 of Pemiscot County, Missouri, at least fifteen days prior to the date which shall be fixed by the respondent members of the board of education of said district for the holding of said election, which said notices shall be in substantially the following form, to-wit:"

Then followed a form of notice. The mandate was served on the Board of Directors, March 22, 1951.

The Board of Directors fully complied with this order. After proper notice, the election was held on April 17, fourteen days after the date of the annual school meeting. A majority of the voters in Wardell Consolidated School District No. 3 voted against the change of boundary, (Peach Orchard School District No. 50 had voted for the change). and an appeal was taken to the County Superintendent as provided by Sec. 165.170 Mo. R. S. 1949.

The Board of Directors of Wardell District No. 3 filed a petition for a writ of prohibition in the Circuit Court of Pemiscot County, and a preliminary rule issued directed to the County Superintendent and the four arbitrators requiring them to show cause why they should not be prohibited from proceeding with the arbitration. Upon a final hearing, the preliminary rule was quashed, relators' petition dismissed and from the judgment, this appeal was taken.

In our former opinion, above referred to, the statute did not appear to be mandatory as to holding the election at the annual school meeting and we held an election could, under the facts in that case, be had at a time other than the annual school meeting and discussed whether relators could take advantage of their own wrong in arbitrarily refusing to call an election and post notices, after the proper petition had been filed with them in accordance with the statute. But that case had a different factual background. In the case before us, it is asserted by respondents that appellants are again estopped in raising the question of respondents' right to appeal. We do not think so.

The opinion in the former case was written in plenty of time to have put both parties upon notice of the holdings of this court and the mandate was handed down in plenty of time for the proper notices to have been given and the election had at the annual school meeting. Appellants here did nothing whatever to prevent this from being done. They did not even file a motion for rehearing which could and would have occasioned some delay. When the fifteen days had elapsed, after the opinion was handed down and within which time a motion for rehearing could have been filed, (and which if filed would have been served on the respondents, Rules of the Supreme and Appellate Courts,

1.19) there was plenty of time to have held the election at the annual school meeting after giving proper notice. According to this record, nothing was done about it. The fact that relators in the former case took a change of venue and prevented the election in 1950, did not prevent the new election being held at the annual school meeting in 1951. They did nothing to prevent the election being held on that date and therefore, could not be estopped as contended by respondents. After the judgment of the Circuit court was served upon them, they did not have time to give 15 days notice before the annual meeting but they did immediately comply with the mandate of the circuit court.

Appeals from decisions are creatures of statute. Unless they are so given, they do not exist. Kopler v. Rossett, 360 Mo, 1201, 233 S. W. (2) 1. Madison v. Sheets (Mo. Sup.) 236 S. W. (2) 286, Mo. Dig. App. & Error, K. N. 1. We see no reason why this rule should not apply to an appeal to a board of arbitration as well as to a court.

If the right is given, it must be exercised within the provisions of the statutory authority. We cannot capriciously ignore the plain letter of the Statute. State ex Inf. Kamp, Pros. Atty. ex rel. Rodgers, et al., v. Pretended Consolidated School Dist. No. 1, etc., 359 Mo. 639, 223 S. W. (2) 484.

Sec. 165.170 Mo. R. S. 1949, provides that if one of the districts votes for a change of boundary and the other district votes against it, an appeal may be had to the Superintendent of Schools, if such appeal is "filed with him, in writing, within five days after the annual meeting; * * ." It is then his duty to appoint four disinterested men, residents of the county, who with himself will constitute a Board of Arbitration. At the time of the appointment, he must notify them to meet him "at some convenient place in the county within fifteen days after annual school meeting, * * " where and when the deliberation shall take place. Then and there they shall make their decision, but that decision "in all cases shall conform to the propositions contained in the notices and voted upon at the annual meeting; and the county superintendent shall, on or before the last day of April transmit the decision to the clerks of the various districts interested, * * " and the clerk shall then enter it upon the records.

It is clearly apparent from this statute that the appeal is authorized to be taken only from an election held at the annual school meeting. Any other construction would be squarely in the face of the statute.

This court has no power to legislate, that is a function lodged elsewhere and complaints of inadequacy of the statute must be addressed to the legislature. The judgment of the trial court should be reversed and remanded with directions that the preliminary rule of prohibition heretofore issued, be made absolute. It is so ordered. *Blair, J.,* dissents in separate opinion. *McDowell, J.,* concurs.

560

BLAIR, J. (Dissenting)—

I am unable to concur in the opinion of Presiding Judge Vandeventer.

We hold in State ex rel. McCain, et al. v. Acom, et al. 236 S. W. (2d) 749, that an election could be held at a time not specifically mentioned in Section 10,410, R. S. Mo. 1939, (now Section 165.170, R. S. Mo. 1949.).

An election held at a time not specified in the statute, should carry with it all the rights and privileges provided for in Section 165.170, R. S. Mo. 149, applying to a school election held at the time of holding the annual meeting. To rule otherwise, is to suggest that the General Assembly did not know what it was doing when it enacted the predecessor of the present Section 165.170. To hold that further legislation is necessary before an appeal can be taken, seems to me to be entirely unjustified.

The voters of the Peach Orchard Common School District should not be required to wait a year or longer for an appealable election, when they are authorized to hold an election at a time different from that specified in Section 165.170, R. S. Mo. 1949. I therefore dissent.